BARNARD, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 31 — November 13, 1894.*

CRIMINAL LAW AND PRACTICE. (1) *Motion in arrest of judgment.* (2, 3) *Pleading: Act "unlawfully" done.* (4) *Reception of verdict: Notice to counsel.* (5–8) *Instructions to jury: Testimony of child: Reasonable doubt.* (9) *Sufficiency of evidence.*

1. A motion in arrest of judgment can be founded only on defects which appear on the face of the record, and not upon errors occurring on the trial which can be made apparent only by a bill of exceptions.

2. An information for the offense described in sec. 4382, R. S. (providing that "any person who shall unlawfully and carnally know and abuse any female under the age of twelve years, shall be punished," etc.), need not charge that the act was done unlawfully, it being a crime at common law and manifestly illegal.

3. The word "feloniously" in an information for such an offense is fairly equivalent to the word "unlawfully."

4. Where the verdict in a criminal case is received in regular session, it is not necessary that the defendant's attorney be notified so that he may be present.

5. Where the evidence was clear and undisputed that the crime in question had been committed by some one, it was not error for the court to say to the jury that the evidence showed that fact and it was conceded by defendant's counsel. If counsel did not in fact concede it, he should at once have called the attention of the court to the mistake.

6. On a trial for an assault upon a girl seven years old, it is *held* not to have been an abuse of discretion to permit her to testify as a witness, she appearing to have had the degree of intelligence that is usually possessed by girls of that age.

7. It was not error in such case to charge the jury: "You will not take and consider her statements, if they are contradictory and inconsistent, as you would those of a mature person; but you must take them as the statements of this little girl, given under the circumstances as you have seen, and must weigh them in connection with all the other testimony in the case."

8. After the jury had been instructed that defendant should be acquitted unless the testimony convinced them beyond a reasonable doubt of the existence of all the facts necessary to show him guilty

of the offense charged, or of the offense of which they found him guilty, it was not error to charge them further that if they were not satisfied beyond a reasonable doubt that he was guilty of rape, but were "satisfied from the testimony" that he assaulted the girl with the intent of committing a rape upon her, it was their duty to acquit him of the greater offense and find him guilty of an assault with intent to commit rape.

9. Where the trial judge has held the testimony sufficient to sustain a verdict of guilty, and it is not made to appear in this court that it was insufficient, the judgment will not be disturbed.

ERROR to the Circuit Court for *Marinette* County.

The defendant was tried on the following information: " I, Hiram O. Fairchild, district attorney for said county, hereby inform the court that on the 19th day of April, 1893, at said county, *John Barnard* did, upon one Jennie Vander Bogart, a female child under the age of twelve years, feloniously make an assault, and her, the said Jennie Vander Bogart, then and there feloniously did carnally know and abuse, against," etc.    The verdict was: " Guilty of an assault with intent to commit rape."    Motions in arrest of judgment and for a new trial were denied.    Judgment was entered and sentence passed.    To review the judgment the defendant has sued out this writ of error.

The cause was submitted for the plaintiff in error on the brief of *Thos. R. Hudd,* and for the defendant in error on that of the *Attorney General.*

Counsel for the plaintiff in error contended, *inter alia,* that the information is for the statutory offense described in sec. 4382, R. S., and is fatally defective in not charging the offense to have been *unlawfully* committed.    *State v. Delue,* 2 Pin. 204.    The use of the word feloniously will not suffice.    Archb. Crim. Pl. 62; *State v. Card,* 34 N. H. 510; *Allen v. State,* 85 Wis. 25; *Owens v. State,* 83 id. 496. An information on a statute must pursue the precise and technical language employed in the statute in the description of the offense.    *Ike v. State,* 23 Miss. 525; *In re Booth,*

3 Wis. 157; *State v. Welch*, 37 id. 196; *Steuer v. State*, 59 id. 472; sec. 4650, R. S., note.

For the defendant in error it was argued, among other things, that the use of the word "unlawful" is unnecessary, because the crime existed at common law and is manifestly illegal. 1 Chitty, Crim. Law, *241; *Reg. v. Prince*, L. R. 2 Cr. Cas. Res. 161; *Curtis v. People*, 1 Ill. 256. An act charged as done feloniously is necessarily charged as done "unlawfully." *Fairlee v. People*, 11 Ill. 5; *Skaggs v. State*, 108 Ind. 53.

NEWMAN, J. The plaintiff in error propounds three grounds of error in the denial of the motion in arrest of judgment: (1) Because the information does not charge any offense known to the law, or as required by the statute in such case made and provided. (2) That the verdict was not rendered, received, or recorded as by law and practice of the court is provided. (3) That the record does not show that the attorney for the defendant was in court when the verdict was rendered, received, and recorded, and that said attorney was not notified to be in attendance. Only the first ground stated could be ground for a motion in arrest of judgment. Motion in arrest of judgment can be founded only on defects which appear on the face of the record. 1 Bish. Crim. Proc. (3d ed.), § 1285; 12 Am. & Eng. Ency. of Law, 147*b*, and notes. The motion does not lie for errors occurring on the trial, such as can be made apparent only by a bill of exceptions.

The statute on which the information was intended to be founded is R. S. sec. 4382: "Any person who shall unlawfully and carnally know and abuse any female under the age of twelve years, shall be punished," etc. The information omits the word "unlawfully." It is claimed that by reason of that omission it fails to charge any offense known to the law. The rule governing this question is stated by

Chitty as follows (1 Chit. Crim. Law, *241; *Reg. v. Prince*, L. R. 2 Cr. Cas. 161): "The term 'unlawfully,' which is frequently used in the description of the offense, is unnecessary whenever the crime existed at common law and is manifestly illegal. But if a statute, in describing the offense which it creates, used the word, the indictment founded on the act will be bad if it is omitted." This is quoted by Bishop (1 Crim. Proc. 3d ed. § 503) as the law here. The offense with which the defendant is charged is a crime at common law. 2 Bish. Crim. Law (8th ed.), § 1133; *People v. McDonald*, 9 Mich. 150. It was not created an offense by statute. And the act is manifestly illegal. Under no circumstance could it be lawful. So it was not necessary to charge the act as being "unlawfully" committed. Besides, the word "feloniously," which is used, is fairly equivalent, in connection with the illegal act charged, to the word "unlawfully," for the purpose of charging the manifestly illegal act to have been "unlawfully" done. This has been so held in many cases, some of which are cited in the brief of the defendant in error.

It never has been the law of this state that the attorney of the defendant must be notified so that he can be present at the reception of the verdict received in regular session. *Smith v. State*, 51 Wis. 615; *Martin v. State*, 79 Wis. 165.

The motion in arrest of judgment was properly overruled.

The motion for a new trial was made on the following grounds: (1) Because the instructions of the court were erroneous, misleading, and contrary to the law. (2) That the verdict is contrary to the evidence, and not supported by the evidence or the law. (3) The court erred in the exclusion of evidence and in the admission of evidence.

The first instruction of which complaint is made is that the court said to the jury: "The testimony is of such a

character as to clearly establish, — and it is a conceded fact, conceded by counsel for the prisoner,— that on the 19th of April last some person did assault and abuse this little girl; that she was injured by some man in the shed that has been described by the testimony, on that day.'' The fact seems to have been fully established by the evidence, so as not to be fairly disputable. It does not seem to have been disputed. If counsel did not in fact concede it, he should at the time have called the attention of the court to the mistake, and not have waited until it was too late to correct it. It was not an error to say that the evidence was sufficient to establish it, when the evidence, in fact, was clear and undisputed, as in this case.

Several instructions which relate to the testimony of the injured girl are excepted to. She was a little girl, only seven years old. She seems to have had such degree of intelligence as is usually possessed by girls of that age. She was very ignorant of the nature of the offense which was committed against her, and of the actual fact of what was done. She knew she was hurt. She thought she was cut with a knife. She made contradictory statements when pressed and confused by cross-examination. In *State v. Juneau, ante,* p. 180, this court held that it is within the discretion of the trial court to admit a child of five years to be sworn and testify. It is a matter of intelligence rather than of age. It was said that it will require a strong case to sustain a reversal of the trial court which examines such a witness as to his intelligence and admits him to be sworn. This case does not disclose such a strong case of abuse of discretion as will require or justify a reversal of the conviction on that ground. After she had been admitted to be sworn and testify, the credit due to her testimony was to be tested by the ordinary rules by which the credit of testimony is tried. Her age, her intelligence, her manner on the stand, her contradiction, and

all the incidents which go to test and determine the credit due to witnesses were applicable to her testimony. It could not be arbitrarily rejected. It was to be weighed by the jury and given such weight as the jury deemed it justly entitled to. The court said to the jury: "You will not take and consider her statements, if they are contradictory and inconsistent, as you would those of a mature person; but you must take them as the statements of this little girl, given under the circumstances as you have seen, and must weigh them in connection with all the other testimony in the case." This could not well mislead the jury. They were told, in effect, not to consider the contradictory statements and inconsistencies of this immature witness as they would consider the contradictory statements and inconsistencies of a mature witness; but should remember that she was a little girl, giving her testimony of a distressing outrage upon herself under trying circumstances: "Given under the circumstances as you have seen." It should not be necessarily fatal to the entire credit of her testimony if, under such circumstances and in the trying situation and bewilderment of skilful cross-examination, such a child should make contradictory and inconsistent statements. If the jury believed her to be truthful, and not intentionally false, they should credit the truth which they found to be in her testimony, notwithstanding its shortcoming when compared with the testimony of more mature witnesses.

The court told the jury, if they were not satisfied beyond a reasonable doubt that the defendant was guilty of the completed offense of which he was charged, "but are satisfied from the testimony that he assaulted her with the intent of criminally knowing her, or of committing a rape upon her, then it is your duty to acquit him of the greater offense and find him guilty of an assault with intent to commit a rape." It is objected to this instruction that it

Barnard vs. The State.

ignores the principle that, to justify a conviction of the lesser offense, the jury must be satisfied beyond a reasonable doubt that he is guilty of that offense. But the court had previously instructed, charging on the subject of the presumption of innocence, that the presumption of innocense " entitles him to your verdict unless the testimony, as a whole, convinces you beyond a reasonable doubt of the existence of all the facts necessary to show him guilty of the offense charged, or of the offense of which you find him guilty." That is a clear and correct instruction on the point claimed to have been overlooked in the other paragraph of the charge. It did not need to be repeated. The jury may be presumed to have understood and remembered it.

It is insisted for the plaintiff in error, " that the jury in this case never took into consideration the doubts in the case is clear and undeniable." The trial judge evidently took a different view of this matter. He seems to have been satisfied that the jury had fairly considered the testimony, and had had their doubts removed by it. He deemed the testimony sufficient, and sustained the verdict. That is sufficient to sustain the judgment in this court, where it is not made to appear that the testimony was insufficient.

The record shows that the defendant was present in court when the verdict was received and the jury discharged. The plaintiff in error was mistaken in regard to that fact.

No reversible error is found in the record.

*By the Court.*— The judgment of the circuit court is affirmed.