Johnson, Plaintiff in error, vs. The State, Defendant in error.

*December 11, 1926—January 11, 1927.*

*Rape: Assault with intent to commit: Evidence: Sufficiency: Appeal: Verdict of jury: When sustained on appeal: Closing argument of state: Function.*

1. The evidence in this case is *held* sufficient to sustain a conviction for assault with intent to commit rape, as against the defense of *alibi.* p. 24.
2. A verdict based on evidence that will reasonably sustain it will not be set aside because it is not such a verdict as the justices of the supreme court would render if sitting as jurors. p. 25.
3. The closing argument of the state, claimed to be argument in chief, must, in the absence of the record, be presumed to be proper as a reply argument, where it was stated by the court to be in reply to that of the defendant. p. 25.

4. The closing address of the state must be limited to a reply to defendant's argument,—argument in chief being limited to the opening argument.  p. 25.

ERROR to review a judgment of the municipal court of Milwaukee county: GEORGE A. SHAUGHNESSY, Judge.  *Affirmed.*

Plaintiff in error, hereinafter called the defendant, was convicted of an assault with intent to commit rape and given an indeterminate sentence of from one to five years in the house of correction for Milwaukee county.  To test the validity of his conviction he sued out a writ of error.

*Arthur H. Bartelt* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, *George B. Skogmo,* special assistant district attorney, and *Louis S. Wiener,* assistant district attorney, and oral argument by *Mr. Skogmo.*

VINJE, C. J.  The chief claim made by the defendant is that the evidence is not sufficient to show an assault with intent to rape.  The State has fairly summarized the material evidence as follows:

"Mrs. Martha Schreiber, the prosecutrix, resided with her husband at 1384 Larkin street in the village of Shorewood, Wisconsin; that on October 22, 1925, the defendant *William D. Johnson* called at her home about 12 o'clock for the purpose of interesting her in the purchase of knives.  Mr. Schreiber, the husband, left the home between 1:30 and 1:45.  Defendant returned, calling at the rear door, between 2:30 and 2:45 the same day.  Mrs. Schreiber answered the door and told the defendant she did not care to buy and tried to close the door.  She then went to the basement to burn some waste paper; returning, defendant walked ahead of her into the kitchen upstairs.  Mrs. Schreiber stood at the sink to finish some work.  Defendant placed both of his arms about her and called her sweetheart and kissed her on the back of the neck and the hand.  She turned about and

made immediate protest.    Holding her by both wrists a struggle ensued and defendant succeeded in pushing her into the bedroom past the dining-room where she attempted to lead into.    There was a bed and a couch in the bedroom. She was too excited and faint to scream.    He pushed her on the couch.    She was lying on her side.    He had one foot on the floor and one knee along the side of the knee and leg of the prosecutrix, holding her by both hands.    She pleaded with him to release her, informing him of her pregnancy.    After twisting and fighting she succeeded in releasing one of her hands and broke away, running into the dining-room directly to the telephone.    This was about 3 p. m.    At the time she fled from the bedroom defendant stood near the couch, which was the last she saw of him. Defendant was then seen in the neighborhood within four blocks of Mrs. Schreiber's home between 3 : 05 and 3 : 10 that afternoon with the same satchel, selling cutlery.    Defendant claims that he did not make a call at Mrs. Schreiber's home in the afternoon, and in support of this contention produced several witnesses tending to show he was from three to six blocks away from Mrs. Schreiber's home between 2 : 30 and 3 : 15 p. m.    Upon being arrested in the neighborhood, he stated he could not plead guilty to the charge of Mrs. Schreiber because of the fact that he was on probation.    The officers found that he had a scratch on the back of his hand which was bleeding.    The officers called at Mrs. Schreiber's home in response to her telephone call and arrived there one or two minutes after 3 that afternoon. They found her in a hysterical, nervous, incoherent condition, her hair disheveled.    Edna Duggan and Julia Adlam, living two or three doors south of prosecutrix, saw defendant at their homes and saw him going to her home about 2 : 30 on October 22, 1925.    Mrs. Duggan testified defendant stayed at Mrs. Schreiber's home about twenty minutes, leaving a little before 3 p. m."

The evidence in the instant case shows the use of more force and a struggle of longer duration than did the evidence in the case of *Skulhus v. State,* 159 Wis. 475, 150 N. W. 503, where a conviction was sustained.    What was

there said in support of the conviction applies equally here. A verdict based upon evidence that will reasonably sustain it will not be set aside though it may not be such a verdict as the judges of this court would return were they sitting as jurors. *Skulhus v. State,* 159 Wis. 475, 150 N. W. 503; *La Valley v. State,* 188 Wis. 68, 205 N. W. 412; *Lasecki v. State,* 190 Wis. 274, 208 N. W. 868. And it might well happen that if we were sitting as jurors, heard all the evidence, and saw the witnesses and parties, we might reach a conclusion different from that which the printed record seems to indicate as the more reasonable one.

The defendant's counsel urges prejudicial error because the State, he claims, made its argument in chief after he had addressed the jury. Upon objections being made on this ground the trial court said the argument was in reply to that of defendant's counsel. We must, in the absence of any record to the contrary, presume the facts to be as stated by the trial court. We take this occasion, however, to suggest to district attorneys and trial courts that the closing address of the State should be limited strictly to a reply, and should not be the argument in chief. The defendant is entitled to meet the arguments of the State and to analyze and discuss them before the jury. In a broad sense, when a defendant claims he is not guilty, any argument tending to show his guilt may be said to be in reply. But it is not in this sense that the contents of reply arguments should be construed. If the State desires to argue in chief, it should do so in its opening. It should not be permitted to do so by way of reply.

*By the Court.*—Judgment affirmed.