COLLIER, Plaintiff in error, v. STATE, Defendant in error.

*January 31—March 1, 1966.*

For the plaintiff in error there was a brief and oral argument by *Robert F. Cavanaugh* of Milwaukee.

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

HEFFERNAN, J.

*Was it error to allow defendant's seven-year-old son*
*Gregory to testify?*

The principal error of which Collier complains is that his seven-year-old son Gregory was allowed to testify without a proper testing of his testimonial competency.

There is no doubt that Gregory's testimony was of crucial importance. He was the only eyewitness. The defendant admitted that he and his wife had been drinking during the day prior to the murder. He testified in court that he did not remember going home and did not remember an altercation with his wife. He stated that he awoke to find his wife lying next to him, dead. He then went to his mother's house and told her that "I had killed my wife." Throughout the questioning by the police he denied any recollection of the killing. The postmortem examination of Mrs. Collier indicated that death had been caused by manual strangulation. The only testimonial evidence of the strangulation was that of the seven-year-old Gregory. Gregory testified that he was sleeping on a daybed in the bedroom. He stated that his parents began to quarrel, that he saw his father strike his mother in the eye, and after knocking her to the floor, pick her up, put her on the bed, and choke her.

There was no objection to Gregory's testimony during the course of the trial. His competency was not questioned until after sentencing, when new counsel was ap-

pointed by this court. Appointed counsel first raised the question of competency on a motion for a new trial.

It is one of the most elementary rules of evidence that an objection must be made as soon as the opponent might reasonably be aware of the objectionable nature of the testimony or of the incapacity of the witness to testify.

"The initiative in excluding improper evidence is left entirely to the opponent,—so far at least as concerns his right to appeal on that ground to another tribunal . . . for all subsequent purposes it must appear that the opponent invoked some rule of Evidence. A rule of Evidence not invoked is *waived*." 1 Wigmore, Evidence (3d ed.), p. 321, sec. 18.

Particularly is this rule to be stringently applied where, as here, there was a preliminary *voir dire* examination prior to the administration of the oath and the taking of the substantive testimony.

The record shows that Gregory was called to the stand by the assistant district attorney and was questioned by him in regard to his age and school attendance. He stated in response to questioning that he went to Sunday school, believed in God, and knew the importance of telling the truth. He was then questioned by defendant's trial counsel in regard to where he lived, the details of how to get to Grandma Collier's home, and whether he had ever seen the defense counsel before.

At this point the judge asked defense counsel, "Are you satisfied . . . that this young man is telling—to this young man's qualifications." Counsel answered, "Yes." The seven-year-old boy was then administered the oath and was permitted to testify without objection.

If any objection were to be taken, it properly should have been after the *voir dire* and before the administration of the oath.

"Wherever a plain separation is preserved between the preliminary examination of 'voir dire,' and the testimony proper, the rule can be strictly enforced that capacity is

not to be questioned *after the person is once sworn* as a witness, except where the opposing party had *no prior notice* of the disqualifying fact . . . ." 2 Wigmore, Evidence (3d ed.), p. 523, sec. 486. McCormick, Evidence (hornbook series), p. 149, sec. 70.

This court on numerous occasions has followed this principle. As we stated in *Kiefer v. State* (1950), 258 Wis. 47, 52, 44 N. W. (2d) 537:

"The rule that objection to the competency of a witness must be properly taken at the trial or it cannot be reviewed by this court is applicable where the alleged incompetency is due to infancy."

No attempt whatsoever was made during the trial or on motions prior to the pronouncement of sentence that in any way challenged the capacity of Gregory to testify. We have on many occasions expressed our disapproval of trial counsels' strategy of complaining only after an unfavorable verdict of a matter that could well have been objected to in the course of trial. *Kink v. Combs* (1965), 28 Wis. (2d) 65, 72, 135 N. W. (2d) 789.

We conclude therefore that any possible disqualification was waived by the failure to object. Moreover, in this case, it would appear that trial counsel for defendant expressly conceded the witness' qualifications when he responded affirmatively to the judge's question. Furthermore, counsel for defendant, over the objections of the district attorney, cross-examined the witness in regard to matters not brought out by the state on direct examination. We pointed out in *Kiefer v. State, supra,* and *State ex rel. Reynolds v. Flynn* (1923), 180 Wis. 556, 566, 193 N. W. 651, that so doing constitutes a waiver of an objection to competency.

There could hardly be a stronger case of waiver of the objection than this record reveals. The defendant has clearly forfeited any right he may have had to contest the testimonial competency of Gregory.

The record also reveals ample evidence to support the judge's determination that Gregory was competent to testify. This court has pointed out that a tender age is no bar to a determination of testimonial competency. All that this jurisdiction requires is evidence of "his ability to receive accurate impressions of the facts to which his testimony relates and to relate truly the impressions received. If he has this understanding and intelligence and appreciates the obligation to speak the truth, he is competent." *Musil v. Barron Electrical Cooperative* (1961), 13 Wis. (2d) 342, 358, 108 N. W. (2d) 652. See Model Code of Evidence, p. 91, Rule 101, for similar tests.

"The question of competency rests largely in the sound discretion of the trial court, whose decision will not be disturbed in the absence of clear abuse . . . ." 97 C. J. S., Witnesses, p. 450, sec. 58.

See also *Kiefer v. State, supra; Helminiak v. Przekurat* (1924), 184 Wis. 417, 421, 198 N. W. 746; *Barnard v. State* (1894), 88 Wis. 656, 660, 60 N. W. 1058; *State v. Juneau* (1894), 88 Wis. 180, 182, 59 N. W. 580; *State ex rel. Shields v. Portman* (1942), 242 Wis. 5, 13, 6 N. W. (2d) 713; *State v. Schweider* (1959), 5 Wis. (2d) 627, 630, 94 N. W. (2d) 154 (aged witness); *DeGroot v. Van Akkeren* (1937), 225 Wis. 105, 114, 273 N. W. 725.

We find no abuse of discretion by the trial judge in ruling that Gregory was competent to testify.

### *Was it error to conduct the voir dire of the child in the presence of the jury?*

While defendant contends that he was prejudiced by the questioning of the boy in the presence of the jury, he cites no authority holding that such procedure is either improper or violative of his rights. He concludes that this conduct was prejudicial because:

"When the Trial Court allowed Gregory Collier to testify, after having conducted the examination as to the boy's competency in the presence of the Jury, the Jury could only infer that the Trial Court not only approved of the witness's competency but also the witness's testimony."

We cannot agree with this contention of the defendant. The court properly instructed the jury that:

"You are the sole judges of the credibility of the witnesses as well as of the weight and effect of the evidence . . . ."

This instruction explained to the jury that the mere admission of evidence in the record did not constitute the imprimatur of the trial judge. If the contention of the defendant were correct, all evidence held to be admissable might be assailed by a similar attack. By properly instructing the jury, as was done here, any inference that the judge's decision as to admissibility is a determination of credibility is effectively negated. While it is within the discretion of the court to examine the child out of the presence of the jury (6 Wigmore, Evidence (3d ed.), p. 299, sec. 1820) in a proper case, it is not error to conduct the examination with the jury present.

In any event, the defendant by his failure to object to the jury's presence, waived any possible invalidity of the procedure. We find additionally that his contention is without merit.

*By the Court.*—Judgment affirmed.