MARKS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 163. Argued May 7, 1974.—Decided June 4, 1974.*
(Also reported in 218 N. W. 2d 328.)

772

For the plaintiff in error there were briefs by *Howard B. Eisenberg,* state public defender, and *Ronald L. Brandt,* assistant state public defender, and oral argument by *Mr. Brandt.*

For the defendant in error the cause was argued by *Steven B. Wickland,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J.  The following issues are presented on appeal:

1.  Whether the reply portion of the district attorney's closing argument was improper and constituted reversible error.

2.  Whether the trial court erred in failing to instruct the jury as to several lesser included offenses.

3.  Whether the trial court abused its discretion in refusing to permit Joycette Marks to testify fully as concerning the driveway incident.

4.  Whether the trial court abused its discretion in refusing to instruct the jury as to the credibility of a child witness, and

5.  Whether the defendant should be granted a new trial in the interest of justice.

*Closing argument.*

The defendant complains that the district attorney improperly used his reply portion of his closing argument to the prejudice of the defendant.  Such improper use, the defendant contends, consisted of the district attorney's making but a brief argument in the first segment of closing argument and after the defendant's counsel had commented thereupon, launching into a detailed rebuttal argument in which several new lines of argument were developed.

This court has stated "[c]onsiderable latitude is to be allowed counsel in closing arguments, subject only to the rules of propriety and the discretion of the trial court." *State v. Bergenthal* (1970), 47 Wis. 2d 668, 681, 178 N. W. 2d 16.  Generally, however, the opening final argument for the state is intended to permit full discussion of the facts upon which he believes the conviction should lie.  Counsel is permitted to argue all points upon which he relies in his case.  Opposing counsel is then permitted to address the jury concerning the defense's theory of the case.  He may also comment upon all points upon

which he relies in his defense. Likewise, defense counsel is permitted to answer all points raised by the state in its opening final argument.

At the close of the defense summation, the state is permitted a rebuttal summation so as to refute those points previously brought up by the defense. The state may not, however, introduce any new line of argument to which the defense has had no chance to comment upon. Such would be unfair and improper. *Johnson v. State* (1927), 192 Wis. 22, 25, 211 N. W. 668.

In the present case, the defendant contends that the state introduced two new lines of argument in its final summation to its prejudice. The first new line of argument—the defendant contends—consisted of the following statement as to the path of the fatal bullet in rebuttal to the defendant's contention that the gun "just went off."

"And it just happened that that bullet entered not more than two inches from the exact center of the chest and ended up not more than one-half inch from the exact center of the back and in the course went right through the heart. That just happened."

However, in his opening final argument the state commented that:

"The defendant admits that he fired the gun and that gun sent a bullet through the heart of Dallas Bowen, directly through his body."

Comparing the two statements, it is difficult to discern a "new line of argument."

The defendant also claims that a new line of argument was commented on by the state in its reply in regards to the defendant's possession of the pistol while in Chicago and shortly prior to the shooting. The fact that the defendant possessed the pistol shortly prior to the shooting could hardly be construed as a new line of argument and the fact that the defendant carried the pistol while

previously in Chicago could not be considered so prejudicial a comment so as to require a reversal of this conviction.

What the defendant really complained about was the length of time the state was permitted for rebuttal, the state's opening final argument covering six pages of the record while its rebuttal covered 14 pages of the record. The fact that the state's rebuttal was eight pages longer than its opening argument can hardly be considered prejudicial. Length alone is not an indicia of prejudice and actually the opposite is often the case. We find no abuse of discretion on this issue.

*Lesser-included offenses.*

The defendant contends that the trial court erred in refusing to instruct the jury as to manslaughter-heat of passion (sec. 940.05 (1), Stats.) homicide by the negligent use of a weapon (sec. 940.08) and homicide by the intoxicated user of a firearm (sec. 940.09).

This court has continually held that:

". . . to justify the submission for conviction of a lesser offense included in a greater crime there must be some reasonable ground in the evidence for a conviction of the lesser offense and an acquittal of the greater offense." *State v. Melvin* (1970), 49 Wis. 2d 246, 252, 181 N. W. 2d 490.

Under the facts of the instant case, the defendant contends that the jury might reasonably have concluded that the defendant was uncontrollably moved by anger or terror while in the heat of passion and therefor the court committed prejudicial error in refusing to submit to the jury a verdict on manslaughter-heat of passion in violation of sec. 940.05 (1), Stats. We do not agree with this contention.

This court has previously defined "heat of passion" that will reduce what would otherwise be murder to manslaughter as:

"It has long been the rule in this state that the heat of passion which will reduce what would otherwise be murder to manslaughter in the second or third degrees is such mental disturbance, caused by reasonable, adequate provocation, as would ordinarily so overcome and dominate or suspend the exercise of the judgment of an ordinary man as to render his mind for the time being deaf to the voice of reason; make him incapable of forming and executing that distinct intent to take human life essential to murder in the first degree; and to cause him, uncontrollably, to act from impelling force of the disturbing cause rather than from any real wickedness of heart or cruelty or recklessness of disposition." *State v. Stortecky* (1956), 273 Wis. 362, 372, 77 N. W. 2d 721; *Bosket v. State* (1966), 31 Wis. 2d 586, 143 N. W. 2d 553.

As the above statement makes clear, however, all killing in the heat of passion does not reduce a homicide to a crime of manslaughter. *Bosket v. State, supra,* at page 591. In order to qualify, the heat of passion must have been caused by a reasonable, adequate provocation.

The provocation required must be such that it would " ' ". . . produce in the minds of persons, ordinarily constituted, the highest degree of exasperation, rage, anger, sudden resentment, or terror." ' " *State v. Stortecky, supra,* at page 372. Likewise the standard as to that which constitutes reasonable, adequate provocation is not a subjective one but an objective one as to whether the provocation offered would be sufficient in character and degree to cause the same result in an ordinarily constituted person. *State v. Hoyt* (1964), 21 Wis. 2d 284, 128 N. W. 2d 645.

The defendant, in his attempt to construct such provocation as is required so as to submit a verdict of manslaughter-heat of passion, contends that he was struck with a mixture of anger, terror and intoxication at the time of the killing. The anger resulted from the driveway incident in which Dallas Bowen allegedly refused to allow the defendant's wife to pass with her car. This

incident took place five days prior to the shooting. Such anger would not constitute adequate provocation. During the five-day period between the car incident and the shooting, the most unreasonable of human beings would have cooled off. The allegation of intoxication is relevant only to the statutory defense thereto—sec. 939.42, Stats.—and does not constitute provocation for manslaughter-heat of passion. Finally, the terror that the defendant alleges—that Dallas Bowen would take away the gun the defendant was aiming at him and then use it to kill the defendant—is more relevant to a verdict of manslaughter-self-defense (sec. 940.05 (2)). Such an instruction and question was, however, given to the jury and they failed to so find.

We are of the opinion that the anger or terror allegedly felt by the defendant herein is insufficient to produce in the mind of a person, ordinarily constituted, the highest degree of anger or terror so as to reasonably support an instruction of manslaughter-heat of passion. We think the trial court correctly concluded that the testimony adduced did not warrant an instruction for manslaughter-heat of passion.

*Excluded testimony.*

The defendant next contends that the trial court improperly limited the testimony of a defense witness, Joycette Marks, concerning the driveway incident. While the court did permit her to testify generally about the incident, the defense contends, the court refused to permit the witness to testify in detail as to the incident.[1] Such ruling, it is contended, limited the defense attempt to attack the credibility of a prosecution witness, S. J. Pruett, who had previously testified concerning the driveway incident.

[1] "I permitted this preliminary merely for the purpose of laying ground work, that there was some argument of some—difficulty before, but to go into details of it is absolutely immaterial."

At trial, Mr. Pruett had testified to a limited degree concerning the driveway incident. This testimony was relevant because it served as a background in explaining a later assault which the defendant committed on Mr. Pruett. During the later assault the defendant made a statement concerning his intent "to get" Dallas Bowen. Such statement was relevant to proving defendant's intent to take the life of the deceased.

The credibility of a witness may not be impeached by producing extrinsic evidence of "collateral" facts to contradict the witnesses' assertions concerning those facts. McCormick, *Evidence* (hornbook series, 2d ed.), p. 98, sec. 47; 98 C. J. S., *Witnesses,* p. 654, sec. 633.

"To discredit testimony, the contradiction must involve a material point and be such as to raise a reasonable doubt of the intention of the witness to tell the truth." *Warrix v. State* (1971), 50 Wis. 2d 368, 377, 184 N. W. 2d 189.

The basis for such a ruling is that although the fact that a witness erred or falsified facts may be material to his credibility, human beings are not perfect in recollection. While the trial court, in its discretion, may permit counsel to test the witnesses' ability to remember facts immaterial to the issues at bar, such an unlimited testing is of questionable value. The fact that a witness may forget collateral facts does not impugn his credibility to testify correctly concerning facts material to the case.

In the present case, the driveway incident is a collateral fact, and the trial court properly excluded further detailed testimony in regard to it.

The defendant next contends that in spite of the fact that such testimony was "collateral" and inadmissible to test the credibility of other witnesses, such testimony was admissible pursuant to this court's decision in *State v. Dickinson* (1877), 41 Wis. 299, and *McMorris v. State* (1973), 58 Wis. 2d 144, 205 N. W. 2d 559. Such reliance is misplaced.

*Dickinson* involved an abortion case in which declarations of the deceased to another were admitted to show the intent or purpose of the deceased in going to the house where the abortion was performed. In the instant case, the offer of proof of Mrs. Marks was silent concerning declarations of the defendant as to his intent or purpose in future actions. Thus, the rationale of *Dickinson* is inapplicable herein. Similarly, we think the holding in *McMorris* that a defendant be permitted to show previous acts of violence on the part of the victim concerning the issue of self-defense is inapplicable. The offer of proof of Mrs. Marks concerning the driveway incident in no way indicated any alleged violent acts on part of the deceased.

*Child witness instruction.*

The defendant contends that the trial court abused its discretion in refusing to instruct the jury on the credibility of a child witness—Wis J I—Criminal 340. We do not agree.

At trial the state called Rodney Mattox, a twelve-year-old, to testify. His testimony corroborated the previous testimony of two adult witnesses concerning the shooting. The defense failed to object to his testimony and conducted a vigorous cross-examination of the witness. At the close of testimony the defense requested that the court instruct the jury on the credibility of a child witness. The trial court refused, citing the vigorous cross-examination of defense counsel which more than adequately tested the credibility of Rodney Mattox. The court did instruct the jury as to the credibility of *all* witnesses.

Sec. 906.01, Stats. **"General rule of competency.** Every person is competent to be a witness except as provided by ss. 885.16 and 885.17 or as otherwise provided in these rules."

All witnesses are deemed competent (with exceptions listed) and counsel's emphasis should be placed on cross-examination and introduction of refuting evidence as to weight and credibility. Wisconsin Rules of Evidence, 59 Wis. 2d Rp. 157.

While this court upheld the granting of a child witness instruction—*Barnard v. State* (1894), 88 Wis. 656, 660, 60 N. W. 1058—such was never of absolute application. We affirmed the trial court's admission of the testimony of a seven-year-old boy concerning the murder of his mother in *Collier v. State* (1966), 30 Wis. 2d 101, 140 N. W. 2d 252. In that case the court merely instructed the jury as to their determination of the credibility of the witnesses—Wis J I—Criminal 300.

"By properly instructing the jury, as was done here, any inference that the judge's decision as to admissibility is a determination of credibility is effectively negated." *Id.* at page 107.

The jury was likewise instructed in the case at bar.

*New trial in interest of justice.*

The defendant contends that while the errors alleged, when viewed separately, may not require a new trial in the interest of justice, when viewed together it appears that a different result would likely be reached. We do not agree.

"A new trial in the interest of justice will be granted only if there has been an apparent miscarriage of justice and it appears that a retrial under optimum circumstances will produce a different result." *Okrasinski v. State* (1971), 51 Wis. 2d 210, 219, 186 N. W. 2d 314.

We find no miscarriage of justice and no likelihood that a retrial, even under the conditions urged by defendant, would bring about a different result.

*By the Court.*—Judgment and order affirmed.