Corinthams **EDMONDSON, Jr.**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 8461.

District of Columbia Court of Appeals.

Argued April 8, 1975.

Decided Oct. 24, 1975.

Rehearing and Rehearing En Banc Denied Nov. 13, 1975.

———◆———

Eugene M. Bond, Washington, D. C., appointed by the court, for appellant.

Hamilton P. Fox, III, Asst. U. S. Atty. with whom Earl J. Silbert, U. S. Atty., John A. Terry and C. Madison Brewer, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

PER CURIAM:

Appellant was convicted by a jury of rape in violation of D.C. Code 1973, § 22–2801. He urges on appeal that (1) the complainant's seven-year-old daughter was not competent to testify against him as a

witness for the government, (2) the trial court improperly excluded testimony concerning the prosecutrix's previous unchaste behavior which permitted the inference she was less susceptible to intimidation and fear of violence as a result of such prior behavior, and (3) the evidence adduced at trial was not sufficient to sustain his conviction.

■ Appellant's first contention is frivolous in our view. As a general rule the competency of a child to testify is not to be presumed from the child's age but rather is a matter solely within the discretion of the trial court. *Wheeler v. United States,* 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244 (1895). The proper test for receiving a child's testimony, as outlined in *Beausoliel v. United States,* 71 App.D.C. 111, 113, 107 F.2d 292, 294 (1939), is based upon the child's ability to observe, recollect, and communicate. Appellant premises his argument on the child's alleged lack of ability to recollect because she could not remember the answer to one question on voir dire—*viz.,* her kindergarten teacher's name from the previous school year, a period of time roughly equivalent to the ten-month period between the alleged rape and the trial. The relevant consideration however, as the trial court correctly pointed out when appellant raised this issue at trial, was the child's ability to recollect the events about which she was to testify.[1]

■ With regard to appellant's second argument, we are of the opinion the trial court properly excluded testimony from a woman living with appellant[2] concerning a beating which the victim had allegedly sustained at the hands of a former boyfriend after he caught her in flagrante delicto

---

1. The child's testimony at trial amply demonstrated her ability to recollect the traumatic events preceding and following her mother's rape. An appellate court, in determining whether the trial court's exercise of discretion is clearly erroneous, may properly consider the actual testimony of the child. *United States v. Schoefield,* 150 U.S.App. D.C. 380,

465 F.2d 560, *cert. denied,* 409 U.S. 881, 93 S.Ct. 210, 34 L.Ed.2d 136 (1972) ; *United States v. Hardin,* 143 U.S.App.D.C. 320, 443 F.2d 735 (1970).

2. Appellant, his friend and her three children, and the victim and her two children all lived in the same house prior to the rape.

with another man. The judge concluded such testimony was inadmissible hearsay for which no exception was proffered by appellant at trial. 1 Wigmore On Evidence § 9 (3d ed. 1940). Appellant, however, ignores this fact and urges instead for the first time on appeal that such testimony was relevant to the defense of consent and to the quantum of violence a rapist would have to exert before the victim would submit. Assuming *arguendo* that such evidence was relevant, the excluded testimony was cumulative at best since appellant had already firmly established the victim's unchaste character by the testimony of three witnesses, and appellant's speculation as to the psychological impact on the victim of the alleged beating hardly justifies admission of this hearsay testimony at trial.[3]

■ Appellant's final assignment of error[4] is also without merit. If the victim testifies to the elements of the crime of rape and if there is corroboration of that testimony, then there is sufficient evidence to submit the case to the jury. *United States v. Bryant,* 137 U.S.App.D.C. 124, 420 F.2d 1327 (1969). The evidence adduced at trial, considered here as we must in the light most favorable to the government,[5] showed *inter alia* that: (1) the complainant was attacked and dragged screaming from her bed by appellant, (2) a witness heard her screaming in the background when her daughter telephoned the witness during the attack, (3) three witnesses testified the prosecutrix was emotionally upset immediately after the rape, (4) she promptly reported the attack to the police, (5) her torn underpants were admitted into evidence, (6) the police found in appellant's bedroom the blackjack which she claimed was used by appellant to threaten her into submission, and (7) im-

mediately following the incident, appellant fled the jurisdiction without notifying his girl friend, his wife, or his employer and left behind his clothes and wallet.

In our opinion this evidence constitutes more than ample corroboration of the complainant's testimony concerning the offense to permit the case to go to the jury. We are unable to say as a matter of law that a reasonable juror could not have concluded that appellant was guilty as charged. *Bailey v. United States,* 132 U.S.App.D.C. 82, 405 F.2d 1352 (1968).

*Affirmed.*

---

3. This is particularly so in light of appellant's failure to proffer at trial any theory of admissibility on grounds of relevance.

4. We note that neither in his motion for judgment of acquittal at the close of the government's case-in-chief nor at the close of all the evidence did appellant argue that corroboration was insufficient as a matter of law.

5. *Crawford v. United States,* 126 U.S.App. D.C. 156, 158, 375 F.2d 332, 334 (1967).