James KELLUEM, Defendant
below, Appellant,

v.

The STATE of Delaware, Plaintiff
below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 27, 1978.

Decided Dec. 20, 1978.

Eugene J. Maurer, Jr., Asst. Public Defender, Wilmington, for defendant below, appellant.

Lucille K. Cirino, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY, McNEILLY, QUILLEN and HORSEY, JJ., constituting the Court en Banc:

HORSEY, Justice:

Defendant, aged eighteen, was found guilty in a bench trial by the Superior Court of attempted sodomy in the first degree, 11 *Del.C.* Section 766, upon a child three years, eleven months old, for whom he was "baby-sitting" at the time.

The child was the State's sole witness as to the alleged offense. Defendant testified in his own behalf and denied having any form of sexual contact with the child.

The issues raised on appeal are: (1) the competency of a child, age four years, five months old at trial, to testify as to the alleged sexual offense; and (2) whether the Trial Judge committed an abuse of discretion amounting to reversible error in declining to interrogate the child at a pre-trial competency hearing.

I

In considering these inter-related questions, it is necessary to detail the procedure used by the Court below for determining competency. The State called three witnesses: a psychologist, the child's mother, and the child himself. The first witness, Dr. Irwin C. Weintraub, whose qualifications as an expert were stipulated to by defendant testified that one month after the event, he interviewed, examined and tested the child to determine his ability to recall the event and his capability of undergoing a court appearance. He stated that he found the child to be "at least average in reasoning powers", alert and responsive, and that the child's memory was sufficient as to the incident. Questioned as to whether he had any doubt as to the child's ability to perceive and understand the incidents which the child related to him, the doctor

responded, "There is no doubt he can understand and perceive these incidents". The witness also responded in the affirmative when asked by the Court whether the child ". . . understands the importance of telling the truth in Court with regard to this charge?"

Following testimony by the child's mother as to his recital the following morning of what had happened the previous day; his later repeated and voluntary references to such events; and her instruction to her son as to the meaning-consequence of telling the truth and telling a lie; the child was then questioned as to his understanding of the difference between, and consequences of, telling the truth and telling a lie. The Court did not question the child; defense counsel waived *voir dire*; and the State proceeded to examine the child as to the events in issue. Defense counsel, after questioning the child, moved to strike his testimony as incompetent, to which the Court responded, "Overruled, particularly in a non-jury case, and even if it were a jury case, I'll rule the witness competent and simply weigh the testimony".

Defense cross-examined the child as to the critical events. The State called its remaining witnesses, including the child's mother, and a tape recording of an interview of the child on the day after the alleged event was put in evidence. The defendant testified, admitted that he baby-sat for the child, but denied any form of sexual exposure or contact with the boy. The Trial Court then found defendant guilty of attempted sodomy, first degree.

II

As to the first question, we find no reversible error by the Trial Court in finding the child to be a competent witness to testify.

Counsel agree that Delaware follows the common law rule that a witness 14 years of age or older is presumably competent, and that under 14 years there is no precise age below which a child is conclusively presumed to be incompetent to testi-

fy—either by statute or by case law. *Wheeler v. United States*, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244 (1895); *Commonwealth v. Mangello*, 250 Pa.Super. 202, 378 A.2d 897 (1977); *Johnson v. United States*, D.C.App., 364 A.2d 1198 (1976). Children under 10 years old are presumed not to be competent to testify. *Edmondson v. United States*, D.C.App., 346 A.2d 515 (1975). Counsel cite no Delaware law on the subject; and we know of none.

Defendant concedes that the rule in most jurisdictions lacking statute law on the subject is that the intelligence, not the age, of a given young child is the test of competency to be a witness; and that ". . . to be considered competent in either a criminal or a civil case, a child must be able to receive accurate impressions of the facts to which its testimony relates, and to relate truly the impressions received" 81 Am.Jur.2d *Witnesses* Section 88, page 125, 126; *Collier v. State*, 30 Wis.2d 101, 140 N.W.2d 252 (1966). Thus, age, standing alone, is not the sole criteria of competency, assuming the intelligence to understand the difference between telling the truth and telling a lie, the ability to recall and the ability to communicate or express oneself. *Johnson v. United States*, supra.

The guidelines for determining competency of a child witness, as originally set forth in *Wheeler* and more recently outlined in *Rosche v. McCoy*, 397 Pa. 615, 156 A.2d 307 (1959), are: (1) the child's ability to perceive accurate impressions of fact or capacity to observe the acts about which he is to testify; (2) the child's ability or capacity to recollect those impressions or observations; (3) the child's ability to recall and his capacity to communicate what was observed; and (4) the child's understanding of truth and falsity and his capacity to appreciate moral responsibility to be truthful.

Applying the facts of this case to these guidelines, we find sufficient evidence in the record to support the Trial Judge's finding that the child was competent to testify. Dr. Weintraub's testimony covered each of the four guidelines of *Wheeler* and *Rosche* and was to the effect that the child met each of them: that is, ability to perceive and recall the events; ability to relate and communicate the events at time of trial; and understanding of the importance of telling the truth. The doctor stated he had "no doubt" as to the child's capacity to understand and perceive the events and the importance of telling the truth. Evidence as to the child's understanding of the meaning and necessity of telling the truth was also established through the child's testimony on cross-examination. Finally, the time interval of five months between the event and the trial was not unduly long.

Defendant maintains that the child's testimony at trial was so inconsistent with his pre-trial statements as to have required the Trial Judge to have found the child incompetent to testify. As we read the record, however, the child's account was consistent in salient facts with his prior statements. However, in any event, inconsistencies in the child's testimony go to the question of the weight or credibility of his testimony and not to the question of competency and certainly do not demonstrate his incompetency. The Trial Court had the opportunity to observe the witness' conduct and demeanor at trial and we will not disturb his ruling, absent a showing that it was clearly erroneous. *Johnson v. United States*, supra. We find that no such showing has been made by defendant.

While defendant concedes that Delaware does not require corroboration of a victim's testimony in a sexual offense case, we are asked to rule that a four year old child is incompetent to testify as the sole witness in an uncorroborated charge of a sexual offense. We decline to do so, for reasons which we think are self-evident or inherent in the nature of such an offense and the circumstances under which it usually occurs, namely without the presence of any third party.

### III

As to the second question, we conclude that the Trial Judge did not abuse his discretion in the manner in which he con-

ducted the pre-trial competency hearing. We decline to rule that a trial judge in every non-jury criminal action is required to interrogate a child witness in the course of conducting a pre-trial competency hearing. No authority is cited for this proposition. Indeed it is agreed that broad discretion in such matters as to procedures for determining a child's competency is conferred upon a trial judge. *Doran v. United States*, 92 U.S.App.D.C. 305, 205 F.2d 717 (1953).

Defendant's entire argument for requiring the Trial Judge to participate personally in the examination of the child witness ignores the context in which the child testified, in particular the prior testimony of the State's expert, Dr. Weintraub, and the Court's questioning of the doctor. It must also be remembered that the Court was sitting as the trier of facts and may have been reluctant at the pre-trial competency stage of the proceedings to assume a more aggressive role in the questioning of the witnesses.

We conclude that the manner in which the Trial Judge conducted the pre-trial competency hearing under the facts of this case was proper and permissible under the circumstances and that he met his duty of determining the child's competency to testify.

AFFIRMED.