**Darrell RICKETTS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Nov. 1, 1984.

Decided: Jan. 30, 1985.

Upon appeal from the Superior Court of the State of Delaware, in and for Sussex County. Affirmed.

Karl Haller, Asst. Public Defender, Georgetown, for appellant.

Gary A. Myers, Deputy Atty. Gen., Georgetown, for appellee.

Before HERRMANN, C.J., and McNEILLY, and MOORE, JJ.

MOORE, Justice:

This is an appeal from a conviction of first degree rape of a five year old girl. The sole issue is whether the trial court committed reversible error in allowing the minor victim, then six years old, to testify without an adequate foundation to determine her competency as a witness. We find that under Rules 601 and 603 of the Delaware Rules of Evidence, the trial court did not err in permitting the child to testify. Accordingly, we affirm.

I.

The defendant, Darrell Ricketts was indicted, tried and convicted on one count of first degree rape of a five year old girl. The child was the daughter of a woman the defendant was dating. At a bench trial, the victim, then six years old, testified with the use of anatomically correct dolls and drawings that Ricketts had anally raped her while her mother slept in an adjacent room.

Before testifying, a voir dire examination was conducted during which the child stated that she went to church, that a lie was a thing that is not true, and that it was a bad thing to tell a lie. She testified further

cluding that this was a sufficient affirmation that she would testify truthfully.

■ Therefore, we conclude that this six year old was properly found to be competent to testify, and that her promise to "tell the truth" was an affirmation sufficient to impress on her mind her duty to be truthful as required by D.R.E. 603.[3]

\* \* \*

AFFIRMED.

---

3. Because all witnesses (except those specifically excluded by the rules) are competent to testify under D.R.E. 601, we note it is no longer necessary to go through the guidelines for determining competency of a child witness set forth in *Kelluem v. State*, Del.Supr., 396 A.2d 166, 168 (1978).