488 A.2d 856 (1985)
Darrell RICKETTS, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
Supreme Court of Delaware.
Submitted: November 1, 1984.
Decided: January 30, 1985.
Karl Haller, Asst. Public Defender, Georgetown, for appellant.
Gary A. Myers, Deputy Atty. Gen., Georgetown, for appellee.
Before HERRMANN, C.J., and McNEILLY, and MOORE, JJ.
MOORE, Justice:
This is an appeal from a conviction of first degree rape of a five year old girl. The sole issue is whether the trial court committed reversible error in allowing the minor victim, then six years old, to testify without an adequate foundation to determine her competency as a witness. We find that under Rules 601 and 603 of the Delaware Rules of Evidence, the trial court did not err in permitting the child to testify. Accordingly, we affirm.

I.
The defendant, Darrell Ricketts was indicted, tried and convicted on one count of first degree rape of a five year old girl. The child was the daughter of a woman the defendant was dating. At a bench trial, the victim, then six years old, testified with the use of anatomically correct dolls and drawings that Ricketts had anally raped her while her mother slept in an adjacent room.
Before testifying, a voir dire examination was conducted during which the child stated that she went to church, that a lie was a thing that is not true, and that it was a bad thing to tell a lie. She testified further *857 that if you tell a lie you sometimes get a spanking. She also promised to tell the truth about everything that she was asked in court. However, in response to questions by the defense attorney and the court, the witness indicated that she was not sure what heaven was.
The court ruled that the child was competent to testify because, although she did not understand the concept of perjury, she knew the difference between truth and falsehood, which was the only test of competency.

II.
The sole issue is whether the trial court erred in permitting the six year old to testify. A determination by the trial court that a witness is competent to testify pursuant to Delaware Rules of Evidence (D.R.E.) 601 and 603 will be reversed only if the determination was an abuse of the trial judge's discretion. Thompson v. State, Del.Supr., 399 A.2d 194, 198-99 (1979).
Under Delaware Rule of Evidence 601 "[e]very person is competent to be a witness except as otherwise provided in these rules".[1] The Advisory Committee's Note[2] to the Federal Rules of Evidence (F.R.E.) makes the following observations about Rule 601:
"[n]o mental or moral qualifications for testifying as a witness are specified. * * * Discretion is regularly exercised in favor of allowing the testimony. A witness wholly without capacity is difficult to imagine. The question is one particularly suited to the jury as one of weight and credibility, subject to judicial authority to review the sufficiency of the evidence."
Advisory Committee's Note to F.R.E. 601.
Thus, Rule 601 adopts the position that almost anyone is competent to testify, letting the concerns of mental or moral capacity go to the issues of credibility or weight given to the evidence. See 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶¶ 601[03]-601[05] (1982); 10 J. Moore & H. Bendix, Moore's Federal Practice, §§ 601.03, 601.04, 601.07 (2nd ed. 1982).
Accordingly, under the Delaware Rules of Evidence the six year old rape victim is presumed competent to testify once the trial judge is satisfied by voir dire that the child understood her obligation to tell the truth, and the difference between truth and falsehood.

B.
The defendant further argues that the child should not have been permitted to testify in this case because the voir dire examination demonstrated that she did not understand the oath. D.R.E. 603 provides that "[b]efore testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so". D.R.E. 603. We once again turn to the Federal Rules of Evidence Advisory Committee's Note, which states; "[t]he rule is designed to afford flexibility required in dealing with... children".
Here, the child testified that she promised not to tell a lie and to tell the truth about everything that was asked of her in court. The trial court was correct in concluding *858 that this was a sufficient affirmation that she would testify truthfully.
Therefore, we conclude that this six year old was properly found to be competent to testify, and that her promise to "tell the truth" was an affirmation sufficient to impress on her mind her duty to be truthful as required by D.R.E. 603.[3]

* * *
AFFIRMED.
NOTES
[1] The only rules specifically providing for the disqualification of a witness are those precluding the presiding judge or a member of the jury from testifying in the trial in which they are sitting. D.R.E. 605, 606.
[2] As the comment to D.R.E. 601 points out, this rule tracks U.R.E. 601 and the first sentence of F.R.E. 601. The Delaware Study Committee, which drafted the D.R.E. has stated that the historical materials surrounding the promulgation of the Federal Rules and the F.R.E. official notes and comments, "should be considered as being part of the comments prepared by the Delaware Study Committee and a court should refer to these materials in construing these rules". D.R.E., Delaware Study Committee Prefatory Note.
[3] Because all witnesses (except those specifically excluded by the rules) are competent to testify under D.R.E. 601, we note it is no longer necessary to go through the guidelines for determining competency of a child witness set forth in Kelluem v. State, Del.Supr., 396 A.2d 166, 168 (1978).