STATE of Wisconsin, Plaintiff-Respondent,

v.

Bennie L. OLSON, Jr., Defendant-Appellant.

Court of Appeals

*No. 82–679–CR. Submitted on briefs May 9, 1983.—*
*Decided May 25, 1983.*
(Also reported in 335 N.W.2d 433.)

For the defendant-appellant the cause was submitted on the briefs of *Jack McManus* and *McManus Law Office* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

Before Gartzke, P.J., Dean, J. and Dykman, J.

DYKMAN, J.     Defendant appeals from a judgment of conviction for first-degree sexual assault, contrary to sec. 940.225(1)(d), Stats.,[1] and from the order denying his postconviction motions.[2] He contends that the trial court

---

[1] Section 940.225(1)(d), Stats., states: "Whoever does any of the following is guilty of a Class B felony: . . . (d) Has sexual contact or sexual intercourse with a person 12 years of age or younger."

[2] Defendant's notice of appeal states that he also appeals from the order denying bail and stay of execution of sentence pending appeal. After the notice of appeal was filed, Judge W.L. Jackman

erred by allowing the four-year-old victim to testify at the preliminary hearing and at trial, by conducting voir dire of the victim before the jury, and by refusing to instruct the jury on lesser included offenses of child abuse and battery. He also contends that sec. 940.225 is unconstitutional as applied to this case. We affirm because we conclude that the trial court did not err and that sec. 940.225 is constitutional.

Defendant and his wife were babysitting for A.B., the victim, who was three years old at the time. While defendant and A.B. were in defendant's car, defendant questioned A.B. about an earlier biting incident between A.B. and defendant's daughter. A.B. refused to answer defendant's questions. Defendant stated that he was tired and frustrated and grabbed A.B. in the groin area and threw him down on the car seat. Defendant then hit A.B. with the back of his hand in the face and at the waistline.

A.B. testified at both the preliminary examination and at the trial. He stated that defendant "pinched his pee-wee" and hit him. Defendant objected to A.B.'s competency to testify at the preliminary hearing but did not raise that objection at trial.

A.B.'s mother testified that A.B. seemed nervous and upset when she picked him up on the day of the incident. She noticed a large bruise on his forehead and questioned him about it. A.B. told his mother that defendant pinched and twisted his penis and hit him several times. She noticed that A.B.'s penis was badly swollen, bruised and bent. This testimony was corroborated by Detective Koecke at the preliminary examination and by Koecke, social worker Sharon Martin and Dr. Laura Anderson at trial. Pictures of A.B.'s injuries were shown to the jury.

The trial court denied defendant's request to instruct the jury on the lesser included offenses of child abuse

---

granted bail pending appeal. Defendant does not raise any issue concerning relief pending appeal and we do not address it.

under sec. 940.201, Stats., and battery under sec. 940.19 (1).[3] The jury found defendant guilty. The trial court denied defendant's postconviction motions concerning A.B.'s competency to testify, the court's refusal to submit lesser included offenses to the jury and the constitutionality of sec. 940.225. The court sentenced defendant to four years' probation with four months' jail time as a condition of probation.

## COMPETENCY TO TESTIFY

Defendant, who is represented by new counsel on appeal, did not object to A.B.'s competency to testify at trial.[4] An objection to a witness' competency to testify must be made before the witness is allowed to testify or it is waived. *Love v. State,* 64 Wis. 2d 432, 438–39, 219 N.W.2d 294, 297–98 (1974). We therefore will not address this issue.

Defendant did object to A.B.'s competency to testify at the preliminary examination. At a preliminary examination, the magistrate determines the plausibility of the

[3] Section 940.201, Stats., states:

Whoever tortures a child or subjects a child to cruel maltreatment, including, but not limited to, severe bruising, lacerations, fractured bones, burns, internal injuries or any injury constituting great bodily harm under s. 939.22(14) is guilty of a Class E felony. In this section, "child" means a person under 16 years of age.

Section 940.19(1), Stats., states: "Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor."

[4] Defendant argues that his objection to A.B.'s testimony which was made at the preliminary examination was a continuing one which was not waived. He also contends that he did not acquiesce in the court's implicit finding that A.B. was competent to testify at trial. However, no indication exists anywhere in the record that defendant objected in any manner to A.B.'s competency to testify at trial. We conclude no objection was made at trial.

witness's story, not the general trustworthiness of the witness. *Wilson v. State,* 59 Wis. 2d 269, 294, 208 N.W.2d 134, 148 (1973). The trial court allowed A.B. to testify at the preliminary examination over defendant's objection that it would determine after the testimony was given whether A.B. was competent. The determination concerning the competency of a witness is discretionary and will not be disturbed on appeal except for a clear abuse of discretion. *State v. Davis,* 66 Wis. 2d 636, 645–46, 225 N.W.2d 505, 509 (1975).

Section 906.01, Stats., provides that every person is competent to be a witness with a few noted exceptions which do not apply to this case. The Judicial Council Committee's Note concerning sec. 906.01 states:

Adoption of s. 906.01 necessitates repeal of s. 885.30, and withdrawal of the case law thus removing from judicial determination the question of competency and admissibility; judicial determination of sufficiency and the jury assessment of the weight and credibility survive. The effect of the change is to shift the opponent's emphasis from a *voir dire* attack on competency to a cross-examination and introduction of refuting evidence as to weight and credibility.

59 Wis. 2d at R158.

In *Davis,* the court addressed the question of an eight-year-old girl's competency to testify at trial. The court stated that under the current Wisconsin evidence rules every witness is competent to testify (with a few exceptions) and "all former competency issues are now issues of credibility to be dealt with by the trier of fact." 66 Wis. 2d at 647, 225 N.W.2d at 510.

The magistrate did not abuse its discretion in permitting A.B. to testify at the preliminary examination. Defendant did not object to A.B.'s competency to testify at trial and therefore waived this objection.

## VOIR DIRE

Defendant did not object at trial that he was prejudiced by conducting the voir dire concerning A.B.'s competency to testify before the jury. He therefore waived that objection. *Collier v. State,* 30 Wis. 2d 101, 107, 140 N.W.2d 252, 255 (1966). *Collier* also held that in a case such as this, a trial court does not abuse its discretion by conducting a voir dire of the child in the presence of the jury. *Id.*

## LESSER INCLUDED OFFENSES

Defendant argues that the trial court erred by refusing to instruct the jury on the lesser included crimes of child abuse and battery. The trial court ruled that neither crime is a lesser included offense of first-degree sexual assault under sec. 940.225 (1) (d), Stats.

Submission of a lesser included offense is proper only when reasonable grounds exist in the evidence both for acquittal on the greater charge and conviction on the lesser offense. *Hawthorne v. State,* 99 Wis. 2d 673, 682, 299 N.W.2d 866, 870 (1981).

" 'The rule does not suggest some near automatic inclusion of all lesser but included offenses as additional options to a jury. Only if "under a different, but reasonable view," the evidence is sufficient to establish guilt of the lower degree and also leave a reasonable doubt as to some particular element included in the higher degree but not the lower, should the lesser crime also be submitted to the jury.' " [Citations omitted.]

*Id.* at 683, 299 N.W.2d at 870.

Acquittal on sexual assault and conviction for battery or child abuse is impossible in this case. Proof of battery or child abuse under the facts of this case fulfills all of

the elements of sexual assault. First-degree sexual assault under sec. 940.225(1)(d), Stats., is defined as sexual contact with a person twelve years of age or younger. Sexual contact is defined under sec. 940.225(5)(a) as "any intentional touching by the . . . defendant, either directly or through clothing . . . of the complainant's . . . intimate parts . . . if the touching contains the elements of actual or attempted battery under s. 940.19(1)." Thus, first-degree sexual assault under sec. 940.225(1) (d) has three elements: (1) sexual contact with the victim, (2) intent to do bodily harm, and (3) the victim was twelve or under at the time of the sexual contact. Wis. J I—Criminal 1207. The act which constituted battery or child abuse in this case was defendant's twisting and pulling of A.B.'s penis, causing swelling and severe bruising. This act constitutes sexual contact under sec. 940.-225(5)(a).

The only additional evidence necessary for conviction of first-degree sexual assault under sec. 940.225(1)(d), Stats., is proof that A.B. was age twelve or under at the time of the assault. Both A.B. and his mother testified to that fact and defendant does not dispute it. A.B. was four years old at the time of trial. The jury could not reasonably find that he was over twelve years of age at the time of the sexual assault. Therefore, there is no "different, but reasonable" view of the evidence which would permit acquittal on sexual assault and conviction for battery. The trial court did not err by refusing to instruct the jury on child abuse or battery as lesser included offenses.

## CONSTITUTIONALITY

Defendant argues that sec. 940.225(1)(d), Stats., is unconstitutionally vague because it fails to give sufficient

notice of the conduct it prohibits. He contends that the language of sec. 940.225 (5) (a) which defines sexual contact does not provide a standard to be used in determining whether contemplated actions are prohibited and that sec. 940.225 (1) (d) violates due process because it does not differentiate between battery and sexual assault.

A presumption of constitutionality exists for all legislative enactments. *State ex rel. Cannon v. Moran,* 111 Wis. 2d 544, 552–53, 331 N.W.2d 369, 374 (1983). Unconstitutionality of the act must be established by defendant beyond a reasonable doubt. *Id.* at 553, 331 N.W.2d at 374. " ' "Every presumption must be indulged to sustain the law if at all possible and, wherever doubt exists as to a legislative enactment's constitutionality, it must be resolved in favor of constitutionality." ' " *Milwaukee County v. Proegler,* 95 Wis. 2d 614, 629, 291 N.W.2d 608, 615 (Ct. App. 1980) (citations omitted).

Challenges to a statute for vagueness must be based on the conduct actually charged, which must fall within the prohibited zone of conduct. *Gates v. State,* 91 Wis. 2d 512, 518, 283 N.W.2d 474, 477 (Ct. App. 1979). Defendant was charged with twisting and pulling A.B.'s penis in a manner which caused severe bruising and swelling. Section 940.225 (1) (d), Stats., prohibits sexual contact by an adult with a person twelve or under. Sexual contact under sec. 940.225 (5) (a) is defined as the intentional touching of the intimate parts of another, clothed or unclothed, when the touching contains the elements of battery or attempted battery. Battery is an act which causes bodily harm done with the intent to cause bodily harm and without the consent of the victim. Sec. 940.19 (1).

Defendant must have realized that twisting and pulling a three-year-old boy's penis so that it became swollen and severely bruised constituted sexual assault. Section 940.-225 (1) (d), Stats., is not unconstitutionally vague.

Defendant also argues that sec. 940.225(1)(d), Stats., is unconstitutional because it lacks a "core" of meaning which would permit a court or jury to ascertain whether the charged conduct fell within the statutory prohibitions. He contends also that any battery that happens to touch an intimate part becomes a sexual assault.

Defendant did not just "happen to touch" A.B.'s penis. He twisted and pulled it, causing swelling and severe bruising. Section 940.225(1)(d), Stats., has a core meaning which prohibited defendant's conduct. The statute is constitutional as applied to these facts. Defendant cannot hypothesize about other possible factual situations which might raise a question of the statute's constitutionality. *State ex rel. Skinkis v. Treffert,* 90 Wis. 2d 528, 542–43, 280 N.W.2d 316, 323 (Ct. App. 1979).[5]

Section 940.225(1)(d), Stats., is constitutional. The trial court did not err in finding defendant guilty of first-degree sexual assault.

*By the Court.*—Judgment and order affirmed.

---

[5] Defendant does not explicitly raise the issue of whether sec. 940.225, Stats., is unconstitutional because the prosecutor has discretion to charge either battery or first-degree sexual assault for the same action. "[T]he established rule is that if the 'same act constitutes two offenses, neither of which is the lesser included crime of the other, they constitute multiple crimes and the defendant may be convicted of either or both.'" Mack v. State, 93 Wis. 2d 287, 301, 286 N.W.2d 563, 570 (1980) (citation omitted).