554 Pa. 559 (1998)
722 A.2d 643
COMMONWEALTH of Pennsylvania, Appellee,
v.
Calvin WASHINGTON, Appellant.
Supreme Court of Pennsylvania.
Argued December 12, 1996.
Decided December 22, 1998.
*560 John W. Packel, L. Roy Zipris, Philadelphia, for Calvin Washington.
Catherine Marshall, Thomas W. Dolgenos, Philadelphia, for Com.
Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

OPINION
NIGRO, Justice.
Calvin Washington (Washington) appeals an Order of the Superior Court that affirmed the judgment of sentence following his convictions in the Court of Common Pleas of Philadelphia (trial court). We reverse the Order of the Superior Court.

FACTS AND PROCEDURAL HISTORY
Washington resided with his girlfriend, Crystal Thomas, and her two female children, D.T.[1] (born July 3, 1984), and I.T. (born June 7, 1983), in Philadelphia. Early in July 1991, the children told Ms. Thomas that Washington had sexually molested them on numerous occasions while she was not home. They said the molestation consisted of Washington having vaginal and anal intercourse with them, and inserting his finger and tongue into their vaginas. The children were approximately five and six years old respectively during the pertinent period of time.
Thomas reported the molestation to the police in July of 1991, and the police officer assigned to this case interviewed the children and prepared copies of their statements. After that, the assigned police officer became ill and the police department took no further action on this case until June of *561 1992, when the officer returned to work on limited duty and obtained a warrant for Washington's arrest. On August 7, 1992 Washington was arrested and charged with two counts of rape, two counts of corruption of minors, two counts of indecent assault, two counts of involuntary deviate sexual intercourse, and one count of aggravated indecent assault.
Defense counsel raised a challenge to the competency of the two complainants, who were eight and nine years old at the time of trial. When defense counsel requested a competency hearing outside the presence of the jury, the following exchange occurred:
"[DEFENSE COUNSEL]: Judge, I am going to ask that you conduct a competency hearing with regard to both of the complaining witnesses, and I would ask that you do that out of the presence of the jury, that certainly not 
THE COURT: Competency hearing for what purpose?
[DEFENSE COUNSEL]: To see if they are competent to testify, and I am challenging their competency. I reviewed the preliminary hearing 
THE COURT: No; they will be examined. They will be called as witnesses by the assistant district attorney, and they will be testifying.
[DEFENSE COUNSEL]: Well, Judge, I am going to ask that you allow a voir dire with regard to competency which is certainly not an issue for the jury, but an issue for your honor, and I would ask that you do that out of the presence of the jury.
I believe that there is information that will come up during competency 
THE COURT: No, you want a mini trial, which you are not going to have. We are not having a mini trial."
Notes of Testimony, May 18, 1993 at 18-19.
During trial in the presence of the jury, the prosecutor and defense counsel conducted voir dire of the juvenile witnesses concerning their competency to testify. Id. at 45-61. During voir dire of D.T., the prosecutor asked her about her age, birthday, the names and ages of her sisters, what grade she *562 was in, the name of her school, and the names of her current and former teachers. D.T. was asked whether she knew the difference between telling the truth and telling lies, and demonstrated that she knew the difference by asking a simple question about whether she was telling the truth when she described the color of a jacket she was wearing. D.T. testified that it is good to tell the truth and bad to tell lies. She said that if she told a lie, she would get in trouble, her mother would punish her, and God would feel upset. D.T. further stated that she would not tell a lie even if nobody knew about it, and that she would tell the truth in court.
On cross-examination, D.T. admitted that she had told lies "when she was little," and that her mother became angry and gave her a beating. She stated that she had practiced her testimony with the assistant district attorney before going to court, and she remembered testifying in a prior court proceeding. Defense counsel probed D.T.'s ability to remember by asking her about how she spent recent birthdays and Christmas, and what presents she had received. D.T. said that God would be mad at her if she lied, but she nevertheless stated if her mother wanted her to, she would lie.
On redirect examination, D.T. stated that she would not lie in court if her mother asked her to, and that she would tell the truth. At the conclusion of voir dire, defense counsel objected to D.T.'s competency. In the presence of the jury, the trial court stated, "Objection overruled. The witness is competent." Id. at 61. The trial court did not give the jury any other instructions concerning the meaning of its ruling on competency.
The prosecutor and defense counsel posed similar questions to I.T. Id. at 170-177. At the conclusion of voir dire concerning I.T.'s competency, defense counsel also objected to her competency, and the trial court ruled that she was competent to testify. Again, this occurred in the presence of the jury without any additional instructions concerning the meaning of the trial court's ruling. Following trial, the jury convicted Washington of all charges. The trial court denied post trial *563 motions and sentenced him to an aggregate term of seven and one-half to twenty years incarceration.
The Superior Court affirmed the judgment of sentence in a Memorandum Opinion and Order dated February 27, 1996. This Court granted allocatur to determine whether competency proceedings should be held in the presence of the jury.
Washington does not challenge the merits of the trial court's ruling on the competency of the victims, but argues that conducting voir dire concerning I.T. and D.T.'s competency in the presence of the jury was improper. He argues that permitting the jury to observe voir dire and the trial court's ruling concerning competency had the practical effect of the trial court endorsing the credibility of the witnesses. He claims that he suffered prejudice because the jury was exposed to the witnesses' repeated assertions that they were telling the truth.[2]
Washington argues that questions, which are permissible during a competency hearing of a witness of tender years, are improper in the presence of the jury because such questioning unfairly bolsters the testimony of the child witness. He also argues that allowing the jury to observe the competency hearing distinguishes the child's testimony from other witnesses who, because they are not challenged for competency, cannot insist that they will tell the truth.
A child's competency to testify is a threshold legal issue that the trial court must decide, and an appellate court will not disturb its determination absent an abuse of discretion. Rosche v. McCoy, 397 Pa. 615, 156 A.2d 307 (1959). In *564 Rosche, this Court stated the following as the standard for the competency of a witness:
There must be (1) such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering what it is that [the child] is called to testify about and (3) a consciousness of the duty to speak the truth.
Id. at 620-21, 156 A.2d at 310.
On the other hand, assessing the truthfulness of a child witness during trial is a function for the finder of fact when deliberating. The invariable result of a jury's presence during competency proceedings is that the truth determining process exclusively reserved for the jury is influenced by the inquiry into competency. Moreover, the jury's presence during the ruling of a witness's competence can only be an endorsement by the trial judge of the witness's credibility. Should the witness be deemed incompetent, the likely result is a mistrial, which certainly nullifies any promise of judicial economy. A competency hearing of a child witness necessarily entails an investigation into the witness's appreciation of the importance of telling the truth. Thus, the attorney might pose questions that are proper during a competency hearing, but which would be improper during trial before the jury because they would be irrelevant, call for hearsay, or violate evidentiary rules and statutes. Thus, conducting the hearing in the presence of the jury also gives rise to the risk that the jury may hear inadmissible testimony.
The issue of whether a competency hearing should be conducted in the absence of the jury is one of first impression.[3]
There is a division of authority among the courts of other jurisdictions concerning whether a voir dire examination of a child witness should be conducted in the presence of the jury. Several jurisdictions have held that conducting this examination in the presence of the jury is proper. In many of those *565 cases, however, the appellate courts have required an instruction to the jury advising that it is the sole judge of credibility of witnesses.[4] Other authorities hold or indicate a preference that the examination should be conducted in the absence of a jury, but require that the party questioning competency must request that the examination be conducted outside the presence of the jury. Absent such a request, the claim is waived.[5]
This Court recognizes that there are valid reasons to allow a jury to observe voir dire of a child witness. When addressing this issue in State v. Harris, 1988 WL 38034, (Ohio App. 5 Dist.1988), the Ohio Court of Appeals quoted from commentators who stated the following:
There are occasions when no harm will result from the jury hearing foundational matters and, in such cases, convenience and time considerations are better served by not excusing the jury. Moreover, in many instances, the same evidence which is relevant to the foundation requirements is also relevant to weight and credibility. Allowing the jury to *566 hear such foundational evidence avoids duplication and waste of time.
1988 WL 38034 at *3 (citations omitted). Nevertheless, the Harris court held:
We conclude that the better practice is to excuse the jury during the competency hearing. However, it is not plain error for the trial court to conduct the examination in the presence of the jury, with appropriate instructions, where there is no objection by defense counsel.
Id.
Indeed, it is well established that a trial judge must not indicate to the jury his view on whether witnesses are telling the truth. Commonwealth v. Butler, 448 Pa. 128, 291 A.2d 89 (1972). The trial judge is the one person to whom the jury looks for guidance, and from whom the litigants expect absolute impartiality. See Commonwealth v. Whiting, 501 Pa. 465, 462 A.2d 218 (1983). As the Harris court concluded, we agree that the better practice is to excuse the jury since it avoids the potential for prejudice and ensures fairness. While we note that some foundational questioning may be duplicated during testimony of child witnesses in competency and trial proceedings when conducted apart from the jury, we cannot mitigate fairness over economy. Thus, we go a step further than our sister jurisdictions and create a per se rule requiring the trial court to conduct a competency hearing in the absence of the jury. Even with a cautionary instruction, which was not given by the trial judge in this case, permitting the competency proceedings to take place in the presence of the jury inevitably permeates into the veracity determination assigned exclusively to the jury. Particularly in cases such as this where credibility is the central issue, the likely impact of conducting the competency proceedings in the presence of the jury cannot be diminished.[6] Accordingly, we reverse the *567 decision of the Superior Court and remand for a new trial.[7]
Justice NEWMAN files a concurring opinion.
Justice CASTILLE files a dissenting opinion.
NEWMAN, Justice, concurring.
Although I agree with the majority that we must reverse Appellant's conviction, I cannot join in the pronouncement of a per se rule that requires a competency hearing for a child witness to take place outside the presence of the jury. Instead, I would leave it to the discretion of the trial court to determine whether the jury should be present for the competency hearing. If the court decided to have the jury present, I would require only that the court give the jury an explanatory instruction regarding the difference between competency and credibility.
As the majority notes, there is a division of authority among jurisdictions that have considered the issue of whether the competency examination of a child witness should be conducted in the presence of the jury. The courts of several jurisdictions have expressed a strong preference for conducting the competency hearing outside the presence of the jury,[1] but no jurisdiction has embraced the per se rule that the majority adopts today.[2]
*568 A significant reason for avoiding a per se rule is that, contrary to the majority's presumption, the competency hearing will not always be prejudicial to the defendant. See State v. Harris, 1988 WL 38034 (Ohio App. 5 Dist.1988). Indeed, in this case Appellant most likely benefited from the jury's observing the competency examination because the jury had an opportunity to hear D.T. admit that she had told lies in the past, that she had practiced her testimony with the assistant district attorney before going to court, and that if her mother asked her to, she would lie in court. I.T. made similar admissions during preliminary questioning. Because I reject the majority's presumption that the defendant will always be prejudiced by the jury's observing the competency hearing of a child witness, I must also reject the majority's per se rule.
I prefer the approach taken by the courts of Wisconsin and the District of Columbia. In those jurisdictions, the trial court has the discretion to hold the competency hearing in the presence of the jury, but if the court decides to do so, it is required to instruct the jury that competency is a legal issue for the judge, while credibility is a factual issue exclusively for the jury.[3] This approach gives the court the necessary flexibility to tailor the proceedings to the particular case and provides adequate assurance that any prejudice to the defendant will be minimized.
In this case, however, the trial court chose to conduct the competency hearing in the presence of the jury, but failed to give the jury any instructions as to the meaning of the proceedings and the court's rulings. Consequently, the jury could have been left with the mistaken impression that the court's finding the witnesses competent to testify was equivalent to finding that they would tell the whole truth. Thus, while I would find no fault with the court's decision to hold the competency hearing in the presence of the jury, I would reverse Appellant's conviction on the ground that the court erred in failing to instruct the jury appropriately.
*569 CASTILLE, Justice, dissenting.
I respectfully dissent from the majority's conclusion that a voir dire examination of a child witness must be conducted outside the presence of the jury. A vital part of the jury's function is determining the credibility of witnesses, and that function cannot be usurped by the trial judge. In order for the jury to make a reasoned assessment of the credibility of a child witness, the jury must be able to determine whether the child understands the oath to tell the truth. To make that determination, the jury must be privy to the examination of the child witness regarding the oath and the child's understanding of its meaning. If the voir dire is conducted outside the presence of the jury, the trial judge must necessarily conclude that the child witness understood the oath, thus improperly invading the exclusive province of the jury as the finders of fact. I believe, therefore, that this Court should follow the line of cases from other jurisdictions, cited by the majority in footnote 4, holding that the examination should be conducted in the presence of the jury with the trial court instructing the jury that the court's finding of competency is not an assessment of credibility and that the jury is the sole judge of credibility. In this manner the jury itself will be in a position to more precisely determine the weight to be afforded to the testimony of a child witness.
NOTES
[1] 42 Pa.C.S. § 5988 prohibits revealing the names of child sexual assault victims in documents available to the public.
[2] In addition to asking basic questions about what it means to tell the truth and to lie, attorneys commonly ask child witnesses about how a parent, teacher, or the judge would react if they lied. The purpose of these questions is to determine whether the child understands that he or she could be punished or might displease an authority figure if he or she does not tell the truth. Another common line of questioning deals with whether the child has learned about God and whether the child believes God will become angry or sad if he or she tells a lie. Such questioning is another way to underscore whether the child understands the importance of telling the truth in court.
[3] Washington has cited no Commonwealth caselaw supporting his position.
[4] See Collier v. State, 30 Wis.2d 101, 140 N.W.2d 252 (1966) (in a proper case, it is not error to conduct a voir dire examination of a child with the jury present); State v. Olson, 113 Wis.2d 249, 335 N.W.2d 433 (1983) (citing Collier) (a trial court does not abuse its discretion by conducting voir dire of a child in the presence of the jury); Ramer v. State, 40 Wis.2d 79, 161 N.W.2d 209 (1968) (same); In re A.H.B., 491 A.2d 490 (D.C.1985) (trial court may conduct voir dire of a child either in the presence or the absence of the jury); Brown v. United States, 388 A.2d 451 (D.C.App. 1978) (citing Johnson v. United States, 364 A.2d 1198 (D.C.App., 1976)) (voir dire of a child may be conducted in the presence of the jury because such questioning assists the jurors in evaluating independently the child's qualifications as a witness).
[5] See State v. Manlove, 79 N.M. 189, 441 P.2d 229 (1968) (the better practice is to conduct voir dire of a child outside the presence of the jury, but the trial court may permit voir dire in front of the jury in the exercise of its discretion); State v. Tandy, 401 S.W.2d 409, 413 (Mo. 1966) (the better practice especially in a criminal case is for the examination on voir dire to determine the competency of the child to be made out of the jury's presence); State v. Harris, 1988 WL 38034 (Ohio App. 5 Dist.1988) (better practice is to excuse the jury during the competency hearing of a child witness); State v. Gantt, 644 S.W.2d 656 (Mo.App.1982) (in which the court granted a new trial, in part, because of the prejudicial impact of questioning of the child concerning competency in the presence of the jury); State v. Girouard, 561 A.2d 882, (R.I.1989) (voir dire concerning a witness's competency should be conducted outside the presence of the jury).
[6] The trial court's explanation for conducting voir dire in the presence of the jury was that it would not allow defense counsel to have a "minitrial" on competency. This statement implies that the court was concerned about judicial economy and avoiding the time associated with conducting a separate proceeding to determine whether I.T. and D.T. were competent to testify. However, we believe that conducting voir dire outside of the jury's presence will strengthen the goal of judicial economy because doing so prevents the jury from hearing inadmissible evidence that might require granting a mistrial.
[7] In light of our ruling on this issue, we need not address appellant's additional arguments that the trial court improperly declared both witnesses to be competent in front of the jury without any instruction and that the prosecutor improperly questioned the children about their religious beliefs before the jury.
[1] See Majority Opinion, at 646, n. 5.
[2] The Court of Appeals of Ohio, that state's intermediate appellate court, has repeatedly stated in dicta that voir dire of a child must occur outside the presence of the jury. State v. Wood, 1993 WL 313716 (1993); State v. Cobb, 81 Ohio App.3d 179, 610 N.E.2d 1009 (1991); State v. Bunch, 62 Ohio App.3d 801, 577 N.E.2d 681 (1989).
[3] See Majority Opinion, 554 Pa. at 565, n. 4, 722 A.2d at 646, n. 4.