J-S74005-14

2015 PA Super 17

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                              :               PENNSYLVANIA

                  Appellee          :
                                       :
                       v.               :
                                       :
TERRY WALKER,                      :
                                       :
                Appellant       :   No. 2246 EDA 2013

Appeal from the PCRA Order Entered July 8, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0608421-2005

BEFORE: BENDER, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

DISSENTING OPINION BY STRASSBURGER, J.:   **FILED JANUARY 28, 2015**

Because I disagree with the Majority's conclusions with respect to both issues raised by Appellant, I respectfully dissent and offer the following analysis.

Appellant first argues that but for counsel's patently incorrect advice, he would have testified at trial. The PCRA court concluded that even if that were true, the evidence against Appellant was so overwhelming that the outcome of the trial would not have been different, and therefore it denied PCRA relief without an evidentiary hearing. The Majority concludes that this analysis is incorrect, as the appropriate outcome to consider under these circumstances was the outcome of the Appellant's decision not to testify, which arguably may have been different had counsel provided sound advice.

_____

* Retired Senior Judge assigned to the Superior Court.

However, the law is clear that the PCRA court is to look to the "entire record" when considering the prejudicial effect of an error.

In *Commonwealth v. Hutchinson*, 25 A.3d 277 (Pa. 2011), the appellant argued that trial counsel was ineffective in permitting a voir dire for a child witness to occur in the jury's presence. In fact, the rule is clear, such competency hearings are to occur outside the presence of a jury. *Commonwealth v. Washington*, 722 A.2d 643 (Pa. 1998) (holding that *voir dire* examination of a child witness must be conducted in the absence of the jury). The appellant argued that such error was prejudicial and entitled him to a new trial. Our Supreme Court held:

> Based on our review of the entire record, we cannot conclude that there is a reasonable probability that the outcome of [a]ppellant's trial would have been different but for trial counsel's failure to object to the presence of the jury during the *voir dire* of the children, which consisted of brief questioning primarily regarding their schooling and their understanding of the distinction between truth and a lie. Because Appellant has not established prejudice, his claim of trial counsel ineffectiveness fails[.]

*Id*. at 298-99 (citation omitted).

Based on this standard, because Appellant has not pled or proven that the outcome of the **trial** would have been different, Appellant is not entitled to an evidentiary hearing on this issue.

Appellant next argues that trial counsel was ineffective in failing to object to improper remarks made in the Commonwealth's opening and closing statements. Most egregiously, the Commonwealth's closing

argument referenced Appellant's motive as having been related to Appellant owing the victim "drug money." However, no evidence at trial supported a claim that the disputed $1,300 debt was a drug debt. **See Commonwealth v. Correa**, 644 A.2d 607, 613 (Pa. Super. 1995) ("It has repeatedly been held that it is improper for a prosecuting attorney to make reference to matters which are not in evidence or supported by inferences to be drawn from the evidence."). Accordingly, Appellant is entitled to an evidentiary hearing to determine what reasonable basis, if any, counsel had in failing to object to these prejudicial comments.

Thus, I am in agreement with the Majority that a remand for an evidentiary hearing is necessary. I disagree as to why the hearing should be held. I would order a hearing on the issue of whether counsel was ineffective in failing to object to the allegedly improper statements of the prosecutor, and the Majority would not.

The Majority orders a hearing on whether counsel was ineffective in advising Appellant not to testify, and I would not so order.