J-S45006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY CALHOUN, | |
| Appellant | No. 848 WDA 2015 |

Appeal from the PCRA Order of April 28, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000449-2012

BEFORE: OLSON, DUBOW AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 11, 2016**

Appellant, Gary Calhoun, appeals from the order entered on April 28, 2015, denying his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. We affirm.

During Appellant's direct appeal, we summarized the facts underlying his conviction and sentence as follows:

> [Appellant] was charged with one count of corruption of minors[1] and two counts each of indecent assault[2] and endangering the welfare of children[3] after his daughter, H.C., disclosed that [Appellant] repeatedly had her remove her pants and underwear, ostensibly so that [Appellant]

---

[1] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[2] 18 Pa.C.S.A. § 3126(a)(7).

[3] 18 Pa.C.S.A. § 4304(a)(1).

---

*Retired Senior Judge assigned to the Superior Court.

could check to see if she was wiping properly, and touched her vaginal area, rubbing his fingers in a circular motion. A jury convicted [Appellant] of one count of corruption of minors and, on December 17, 2013, the trial court sentenced him to a mandatory term of twenty-five years in prison pursuant to 42 Pa.C.S.A. § 9781.2.[fn.1] [Appellant] was also found to be a sexually violent predator pursuant to 42 Pa.C.S.A. § 9792 and was directed to comply with the registration provisions of Megan's Law IV.

[fn.1] Section 9718.2 imposes a mandatory twenty-five-year sentence on offenders who have a prior conviction for certain offenses enumerated in 42 Pa.C.S.A. § 9799.14. [Appellant] was convicted in 1993 of multiple such offenses in relation to the sexual abuse of a daughter from a previous marriage.

*Commonwealth v. Calhoun*, 93 WDA 2014 (Pa. Super. 2014) (memorandum opinion). Appellant filed a timely notice of appeal and we affirmed his judgment of sentence on November 12, 2014.

On January 1, 2015, Appellant filed a *pro se* petition for post-conviction collateral relief. The PCRA court appointed counsel and counsel later filed an amended PCRA petition on Appellant's behalf. Within the PCRA petition, Appellant alleged that his trial counsel was ineffective for the following reasons: 1) "for failing to investigate the circumstances in which the allegations of sexual abuse surfaced [and] for failing to investigate or interview Christina Gibson who was present at the time the allegations were set forth by [H.C.];" 2) "for failing to investigate and present medical records supporting the medical conditions of the victim relevant to establishing a viable component of [Appellant's] defense;" 3) "for failing to subpoena the attendance and testimony at trial of Mr. William Ward, a

former employee of Cambria County Children [and] Youth;" 4) "for failing to elicit and present school records of [E.C.] and the other children, medical records of [M.C.] and [G.C.] and divorce records and correspondence as [Appellant] requested to combat inferences and allegations made by the Commonwealth;" and, 5) "for failing to object to the presence of the jury during testimony regarding competency of the minors [H.C.] and [M.C.]." Amended PCRA Petition, 3/12/15, at 3-6 (internal bolding omitted) (some internal capitalization omitted).

On March 26, 2015, the PCRA court held a hearing on Appellant's petition. During the PCRA hearing, Appellant presented the testimony of both he and his trial counsel, Arthur McQuillan, Esquire (hereinafter "Attorney McQuillan" or "trial counsel"). Appellant did not present the testimony of Christina Gibson or William Ward. Further, during the hearing, Appellant did not "present medical records supporting the medical conditions of the victim" and Appellant did not "present school records of [E.C.] and the other children, medical records of [M.C.] and [G.C.] and divorce records and correspondence." Amended PCRA Petition, 3/12/15, at 3-6.

On April 28, 2015, the PCRA court entered an order denying Appellant's PCRA petition. Appellant filed a timely notice of appeal and now raises the following issues:[4]

> [1.] Whether trial counsel was ineffective for failing to investigate and interview Christina Gibson, a witness present at the time in which the allegations of sexual abuse against [Appellant] surfaced?
>
> [2.] Whether trial counsel was ineffective for failing to investigate and present medical records and testimony on Appellant's behalf supporting the asserted defense of good faith medical and hygienic [purpose]?
>
> [3.] Whether trial counsel was ineffective for failing to subpoena or request the attendance and testimony at trial of William Ward, a former employee of Cambria County Children and Youth Services?
>
> [4.] Whether trial counsel was ineffective for failing to elicit and present school records of Appellant's other children as well as divorce records and correspondence as Appellant requested prior to trial in order to combat inferences and allegations made by the Commonwealth?
>
> [5.] Whether trial counsel was ineffective for failing to object to the presence of the jury during competency testimony of [] Appellant's minor children, which included the testimony of his accuser, H.C.?

Appellant's Brief at 2.

---

[4] The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). **See** Pa.R.A.P. 1925(b). Appellant complied and, within his Rule 1925(b) statement, Appellant listed the five issues currently raised on appeal.

We review an order granting or denying PCRA relief "to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003), *citing* **Commonwealth v. Carpenter**, 725 A.2d 154, 159 (Pa. 1999). In order to be eligible for relief, the appellant must plead and prove by a preponderance of the evidence that his conviction resulted from an error or defect under 42 Pa.C.S.A. § 9543(a)(2). One such eligible error is "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Trial counsel is presumed to be effective and the appellant has the burden of proving ineffectiveness. **Commonwealth v. Howard**, 749 A.2d 941, 946 (Pa. Super. 2000). To succeed on an ineffectiveness of counsel claim, the appellant must show:

> (1) that the claim of counsel's ineffectiveness has arguable merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the [appellant], *i.e.*, that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different.

*Id*. If Appellant fails to satisfy any prong of the test, the ineffectiveness claim must be rejected. **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003).

To establish the reasonable basis prong, we must look to see whether trial counsel's strategy was "so unreasonable that no competent lawyer would have chosen that course of conduct." *Commonwealth v. Williams*, 640 A.2d 1251, 1265 (Pa. 1994). An attorney's trial strategy "will not be found to have lacked a reasonable basis unless it is proven that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998). Further, if an appellant has clearly not met the prejudice prong, a court may dismiss the claim on that basis alone and need not determine whether the other two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995).

In his first issue, Appellant argues trial counsel was ineffective for failing to interview and investigate Christina Gibson. Appellant's Brief at 8.

To establish trial counsel was ineffective for failing to call a witness, Appellant must show: "(1) the witness existed; (2) the witness was available; (3) counsel knew [] of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to [appellant] to have denied [him] a fair trial." *Commonwealth v. Dennis*, 17 A.3d 297, 302 (Pa. 2011). When the Commonwealth's case depends on the credibility of witnesses, trial counsel "must explore the testimony of any witness . . . whose testimony might cast

doubt on the testimony of the Commonwealth's witnesses." ***Commonwealth v. McCaskill***, 468 A.2d 472, 477 (Pa. Super. 1983).

However, "the question of failing to interview a witness is distinct from failure to call a witness to testify." ***Commonwealth v. Dennis***, 950 A.2d 945, 960 (Pa. 2008). A claim that trial counsel did not interview or investigate a known witness "presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation." ***Commonwealth v. Stewart***, 84 A.3d 701, 712 (Pa. Super. 2013). Further, failing to investigate a known witness can be unreasonable *per se*; however, an appellant must still show prejudice from this failure. ***Id.***, *citing* ***Dennis***, 950 A.2d at 960.

Here, Appellant and the Commonwealth both agree upon the existence of Christina Gibson and that trial counsel knew of her existence. Commonwealth's Brief at 5. However, Christina Gibson did not testify during the PCRA hearing and Appellant did not introduce an affidavit setting forth Christina Gibson's relevant knowledge or how she could "cast doubt on the allegations of abuse." Appellant's Brief at 12. Thus, there is no evidence that the failure to interview or investigate Christina Gibson caused Appellant prejudice. ***See Dennis***, 950 A.2d at 961 ("the burden on [a]ppellant in this case remains to plead and prove sufficient prejudice – *i.e.*, a reasonable probability that the outcome of trial would have been different had counsel

interviewed and/or called [the particular individual] to the stand"). As such, Appellant's first claim on appeal necessarily fails.

In his second issue, Appellant argues trial counsel was ineffective for failing to present medical records showing H.C.'s medical conditions relating to hygiene. Appellant's Brief at 13. This claim fails because Appellant did not present any of H.C.'s medical records during the PCRA hearing and Appellant has never specified which medical records trial counsel should have introduced during trial. Therefore, with respect to this claim of ineffectiveness, Appellant did not satisfy his burden of production or persuasion on any of the ineffective assistance of counsel prongs. Appellant's claim on appeal thus fails.

In his third issue, Appellant argues that trial counsel was ineffective for failing to call William Ward to testify, instead only reading part of his report at trial. Appellant's Brief at 16. As stated above, to establish counsel was ineffective for failing to call a witness, Appellant must show: "(1) the witness existed; (2) the witness was available; (3) counsel knew [] of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence [] was so prejudicial to [appellant] to have denied him a fair trial." **Dennis**, 17 A.3d at 302.

Appellant's claim on appeal fails because, during the PCRA hearing, Attorney McQuillan testified that Mr. Ward was unavailable to testify at trial. N.T. PCRA Hearing, 3/26/15 at 39 ("Q: Was that your assumption prior to

reading the stipulation into the record that [Mr. Ward] was unavailable to testify?; [Attorney McQuillan]: Yes, most certainly. That was discussed in chambers, and [the trial court] indicated [Mr. Ward] was going to be declared as an unavailable witness"). Further, the PCRA court found as a fact that Attorney McQuillan was not ineffective for failing to call Mr. Ward as a witness because "[Mr.] Ward was unavailable at the time of trial." PCRA Court Opinion, 7/27/15, at 7. Thus, Appellant is not entitled to relief on this claim.

In his fourth claim, Appellant argues trial counsel was ineffective for failing to present school records of his other children. Appellant's Brief at 19. However, Appellant concedes there is "nothing in the record to support [his] claim of ineffective assistance of counsel pursuant to these issues." *Id.* at 20. Accordingly, Appellant is not entitled to relief on this claim.

In his final issue, Appellant argues trial counsel was ineffective for failing to object to the presence of the jury during testimony about the competency of his minor children. Appellant's Brief at 22. Appellant's brief cites the *per se* rule that competency hearings for child witnesses must be held away from the jury. **Commonwealth v. Washington**, 722 A.2d 643, 647 (Pa. 1998). However, Appellant has failed to show that this was prejudicial to his case and would have caused a different outcome.

During trial, Appellant did not deny that the touching occurred. He instead argued that it was not criminal touching and he did it for hygienic

reasons. N.T. Trial, 10/9/13, at 30-31. Further, Appellant does not contest the competency of the victim to testify and the victim's trial testimony did not conflict with this defense. Her testimony even coincided with his defense. Indeed, during trial, H.C. testified that Appellant touched her to see if she was wiping. N.T. Trial, 10/8/13, at 64 and 72.

Moreover, the competency questioning of the children was brief and only concerned their ability to perceive events and understand the difference between the truth and a lie. *Id.* at 49-54 and 89-92. The trial court made no comment on the credibility of either child and instructed the jury that they were the sole determiners of credibility of the witnesses and facts. *Id.* None of this indicates Appellant was prejudiced from the jury being present for the competency hearing. *See Commonwealth v. Ali*, 10 A.3d 282, 300 (Pa. 2010) (holding that the defendant was not prejudiced by the fact the trial court held a competency examination and made a competency ruling in front of the jury, where the examination merely consisted of "questions probing the ability to perceive and relate events [and] the awareness of the duty to speak the truth" and where the "court's in-court statement of its finding of competency . . . was stated in neutral terms").

Further, at the PCRA hearing, trial counsel testified about his reasonable strategy for not objecting to this procedure. N.T. PCRA Hearing, 3/26/15, at 60. Counsel testified that he has been able to make use of testimony during the competency hearing if the child makes a misstatement

or has a lapse in memory. *Id.* He also testified that he has used these hearings to show that a child may not know the truth from a lie. *Id.* Thus, counsel's chosen trial strategy was not so unreasonable that no competent attorney would have used it, and accordingly, Appellant is not entitled to relief on this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/2016