J-A10040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE BEATTY | : | |
| | : | |
| Appellant | : | No. 675 EDA 2020 |

Appeal from the Order Entered January 27, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No: CP-46-CR-0006956-2018

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: FILED JULY 2, 2021

Appellant, Bruce Beatty, appeals from the aggregate judgment of sentence of 10 to 20 years of incarceration, which was imposed after his conviction by a jury for Attempted Involuntary Deviate Sexual Intercourse (IDSI) with a child, Aggravated Indecent Assault with a person less than 13 years old, Aggravated Indecent Assault of a child, Indecent Assault of a person less than 13 years old, Unlawful Contact with a Minor, and Corruption of Minors.[1] We affirm.

The facts underlying this appeal are as follows. S.F., the victim in this case, was eleven years old when the incidents occurred. Amended Information, 7/24/19. Appellant was S.F.'s mother's boyfriend at the time the assaults occurred. Complaint, 8/20/18. Appellant visited S.F.'s home approximately twice a month. N.T. 7/17/19, at 61. S.F. lived with her

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901(a), 3125(a)(7), 3125(b), 3126(a)(7), 6318(a)(1), 6301(a)(1)(ii), respectively.

brother, 25-year-old sister, and mother in a four-bedroom home at the time of the assaults.  N.T. 7/17/19, at 61-62; N.T. 7/18/19, at 128.

A criminal complaint was filed against Appellant on August 20, 2018 alleging that Appellant committed acts of sexual misconduct against S.F. Complaint, 8/20/18.  The Commonwealth charged Appellant with Attempted IDSI with a child, Unlawful Contact with a Minor, Aggravated Indecent Assault of a child, Indecent Assault of a person less than 13 years old, and Corruption of Minors.  Amended Information, 7/24/19.  A jury trial commenced on July 17, 2019.

At trial, S.F. testified that she was currently 13 years old, in eighth grade and working at a summer camp as a counselor for kids.  N.T. 7/17/19, at 57-58.  S.F. testified that there were three incidents involving Appellant.  *Id*. at 63-64.  She stated that the first incident occurred approximately a year prior to trial.  *Id*. at 67.  The first incident occurred in her mother's bedroom when Appellant touched her breast over her bathrobe.  *Id*. at 66-68.  Appellant moved her to sit on his lap and touched her breast area.  *Id*. at 69-71.

S.F. testified the second incident also occurred in her mother's bedroom when Appellant offered to give her a massage, rubbed her back under her shirt, flipped her over and touched her breasts with both his hands under her shirt and over her bra.  *Id*. at 76-79.  She stated that Appellant began rubbing her vagina under her underwear and pulled his penis out and put her hand on it.  *Id*. at 79-84.  Appellant also asked S.F. to put his penis in her mouth.  *Id*. at 83-84.  S.F. testified that Appellant's penis felt hard and that a clear liquid

came out of his penis when her hand was still on it. *Id*. at 84-85. S.F. stated that her hand was moving up and down while her hand was on Appellant's penis. *Id*. at 85. She testified that the third incident also occurred in her mother's bedroom. *Id*. at 87. S.F. stated that her legs were in the air and Appellant asked if he could lick her vagina. *Id*. at 87. S.F. testified that Appellant did not lick her vagina because she had to leave the house. *Id*. at 87-88.

On July 18, 2019, the jury found Appellant guilty of the above-mentioned charges. On November 18, 2019, the trial court sentenced Appellant to an aggregate sentence of 10 to 20 years' incarceration.[2] Appellant filed a timely post-sentence motion challenging the imposition of a mandatory minimum sentence, the lack of a competency hearing for the victim, ineffective assistance of counsel, failure of the Commonwealth to disclose exculpatory information and improperly bolstering the victim's credibility. Post-Sentence Motion, 11/22/19. Appellant attached the transcript of S.F.'s interview with Mission Kids.[3] *Id*. The trial court denied

_____

[2] The trial court sentenced Appellant to 10 to 20 years' incarceration for Aggravated Indecent Assault of a child; Appellant received no further penalty on the remaining charges. N.T., 11/18/19, at 59.

[3] Mission Kids is a child advocacy center that interviews children who are victims of sexual or physical abuse. N.T., 7/18/19, at 116.

Appellant's post-sentence motion after a hearing.  Order, 1/27/20.  Appellant filed this timely direct appeal on February 7, 2020.[4]

Appellant presents the following issue for our review:

> Did the trial court below violate the *per se* rule requiring a court to inquire into the competency of any witness under 14 years of age outside the presence of the jury, and is a new trial warranted?

Appellant's Brief at 4 (suggested answer omitted).  Our standard of review of a trial court ruling on competency is for an abuse of discretion. *Commonwealth v. Delbridge*, 855 A.2d 27, fn. 8 (Pa. 2003).

The Pennsylvania Supreme Court, in *Rosche v. McCoy*, 156 A.2d 307 (Pa. 1959) discussed the competency of a child witness, stating,

> there must be (1) such capacity to communicate, including . . . both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering what it is that she is called to testify about and (3) a consciousness of the duty to tell the truth.

*Id*. at 310; *See Commonwealth v. Walter*, 93 A.3d 442, 451 (Pa. 2014); *See also, Commonwealth v. Hutchinson*, 25 A.3d 277, 290 (Pa. 2011).  In *Rosche*, the child witness was four years old at the time the incident occurred and seven years old at the time of trial.  *Rosche*, 156 A.2d at 309.  The trial court found the child competent to testify.  The appellant argued the child

---

[4] Appellant timely filed his Pa.R.A.P. 1925(b) statement of errors complained of on appeal on February 13, 2020.

witness did not have the mental capacity to remember what it is that she was called to testify about.

The Court stated, "[t]he burden to show incompetency lies upon the party who asserts it." *Id*. The Court further explained,

> The presently prevailing rule (in the absence of statute) is that the competency is presumed where the child is more than 14 years of age. Under 14 there must be a judicial inquiry as to mental capacity, which must be more searching in proportion to chronological immaturity.

*Rosche*, 156 A.2d at 310. The Court discussed the conflicting policy considerations underlying the question of competency with regard to child witness' as follows,

> One [policy consideration] is that a party should not be denied justice because reliance necessarily must be placed upon the testimony of a child of tender years. But, on the other hand, experience has informed us that children are peculiarly susceptible to the world of make-believe and of suggestions.

*Id*.

The Court took into consideration the age of the witness at the time of the testimony, her age at the time of the incident, and the whole of her testimony given at trial, and determined that the trial court abused its discretion in allowing the child to give testimony. The Court did not hold that the trial court must *sua sponte* hold a formal competency hearing for any witness under fourteen years of age, absent a request by either party. Rather, the Court explained, "[c]are must be exercised to keep the balance true as

between these conflicting claims[,]" and concluded "much must be left to the discretion of the trial judge who hears and sees the witness." *Id*.

The Court further clarified the law regarding competency hearings in *Commonwealth v. Washington*, 722 A.2d 643, 647 (Pa. 1998), a case where counsel requested a competency hearing for two complainant witnesses aged 8 and 9, respectively, by creating a "*per se* rule requiring the trial court to conduct a competency hearing in the absence of the jury." However, no case holds that a competency hearing is required to be held where, as here, one is not requested by a party challenging the competency of the witness.

In 1998, the Pennsylvania legislature adopted Pa. Rule of Evidence (Pa.R.E.) 601, which states,

> (a) **General Rule.** Every person is competent to be a witness except as otherwise provided by statute or in these rules.
>
> (b) **Disqualification for Specific Defects.** A person is incompetent to testify if the court finds that because of a mental condition or immaturity the person:
>
> (1) is, or was, at any relevant time, incapable of perceiving accurately;
>
> (2) is unable to express himself or herself so as to be understood either directly or through an interpreter;
>
> (3) has an impaired memory; or
>
> (4) does not sufficiently understand the duty to tell the truth.

The comment to Rule 601 states,

> The application of the standards in Pa.R.E. 601(b) is a factual question to be resolved by the court as a preliminary

question under Rule 104. The party challenging competency bears the burden of proving grounds of incompetency by clear and convincing evidence. ***Commonwealth v. Delbridge***, 578 Pa. at 664, 855 A.2d at 40 (2003).

In this appeal, the trial court opined,

> S.F., the child witness, was 13 years old at the time of trial. Neither [Appellant] nor the Commonwealth requested the court to conduct a competency hearing of S.F. Neither side raised any issue regarding S.F.'s competency before or during trial.
>
> Failure to hold a competency hearing does not necessarily warrant a new trial. . . . The child complainant testified during cross examination that she spoke the truth when speaking to her sister, mother, and authority figures regarding the incidents. S.F. testified as follows:
>
> Q: Now, you told us that you initially talked about this by writing a note to your sister, correct?
>
> A: Yes.
>
> Q: And I assume she asked you if everything you were telling her was the truth, right?
>
> A: Yes.
>
> Q: And then your mom talked to you, right?
>
> A: Yes.
>
> Q: And you told her what happened, right?
>
> A: Yes.
>
> Q: And she asked if everything you told her was the truth, right?
>
> A: Yes.
>
> . . .
>
> Q: And then you went to a place called Mission Kids, correct?
>
> A: Yes.

Q: And there you gave an interview?

A: Yes.

Q: And I assume at the end of that interview, they asked you if everything you told them was the truth, correct?

A: Yes.

Q: And you've met with the assistant district attorney a few times in preparing for this case, correct?

A: Yes.

Q: And I guess each time he asked you if everything you were telling him was the truth, correct?

A: Yes.

TCO at 27-29 (internal citations omitted). In addition to S.F.'s testimony at trial, including cross-examination, the trial court considered the information it gleaned from the Mission Kids interview. The trial court stated,

> S.F. was also asked questions regarding her duty to tell the truth during the Mission Kids interview. The transcript of the Mission Kids interview was offered by [Appellant] as a verbatim and accurate transcription of the interview. S.F. demonstrated her awareness of the difference between the truth and a lie and the importance of telling the truth:
>
> I: Alright, [] [S.F.], do you know what it means to tell a lie?
>
> S: Yes.
>
> I: Tell me what that means?
>
> S: Um telling something that didn't happen.
>
> I: Alright . . . Is it a good or bad thing to tell a lie?
>
> S: Um depends.
>
> I: Give me an example when you say depends?
>
> S: Um, when something bad happens.
>
> I: Uh-huh.

- 8 -

S: And, um . . . so say um . . .

I: Use whatever words you want to use while we are talking.

S: Um . . . okay . . . so say um . . . you were in a situation and something bad happens . . . like say you go [sic] kidnapped and um you would lie about something to get you out of that situation.

I: Alright, thank you for explaining that to me . . . um what happens when someone gets caught telling a lie?

S: It will be a consequence.

I: Alright, so while we're talking in this room today, will you agree to only tell the truth and talk about things that really happened?

S: Yes.

TCO at 30 (internal citations omitted). The trial court further explained its rationale in finding S.F. was competent.

> The interviewer asked the child complainant competency questions similar to those asked during a traditional competency hearing. S.F. was able to understand the interviewer's questions and answer appropriately, showing her ability to communicate. S.F. proceeded to answer questions about the incidents that occurred with specificity – including where [Appellant] touched her, their body positions, and how she felt during these incidents.
>
> Sufficient evidence exists in the record to support S.F.'s competence at the time of trial pursuant to the ***Rosche*** test. At no point did the court find that S.F. was unable to communicate effectively, that she could not recall what she was called to testify about, or that she did not understand the importance of telling the truth. S.F., eleven months shy of fourteen years of age at the time of trial, presented herself as a mature teenager who understood the gravity of the situation.
>
> . . .

> The court carefully observed and evaluated S.F. and her testimony. The court concluded that S.F. understood the gravity of her testimony, the importance of telling the truth and the distinction between the truth and a lie. She recalled and recounted the events coherently. . . . While it is true that inconsistencies were established during her cross examination at trial, the heart and substance of her testimony remained consistent. . . . S.F. appeared competent during her Mission Kids interview and trial testimony.

TCO 30-31.

Appellant relies on **Washington**, 722 A.2d 643, and argues, "[n]ot only is a competency hearing of some sort required before trial, but close in time, but it is to be outside the presence of the jury." Appellant's Brief at 12. Appellant states that the lack of a competency hearing is subject to what amounts to a 'harmless error' analysis. **Id**. at 13. However, neither **Washington** nor **Rosche** supports Appellant's claim that the trial court was required, *sua sponte*, to conduct a competency hearing outside the presence of the jury.

In **Washington**, defense counsel raised a challenge to the competency of the two complainants, aged eight and nine, at the time of trial. The trial court then held a competency colloquy but denied counsel's request to conduct it outside the presence of the jury. The complainants were questioned, and the trial court concluded that the witnesses were competent in front of the jury. The Court created a "*per se* rule requiring the trial court to conduct a competency hearing in the absence of the jury." **Washington**, 722 A.2d at 647.

Appellant cites a recent Pennsylvania Supreme Court case, ***Commonwealth v. Thomas***, 215 A.3d 36 (Pa. 2019), and argues that the competency of a witness under the age of 14 years is not presumed under Pa.R.E. 601, "but must be established through a searching judicial inquiry." Appellant's Brief at 11. In ***Thomas***, the witness was 15 at the time the crime occurred and 17 at the time of trial. ***Id***. at 42, fn. 9. The appellant requested the trial court to conduct a pre-trial competency hearing regarding the witness' intellectual disability. ***Id***. at 43. The trial court denied appellant's request and instead conducted a colloquy outside the presence of the jury during trial. ***Id***. at 42. The majority held that the trial court did not abuse its discretion in denying appellant's pre-trial motion for a competency hearing and stated "[a] trial court is not required to order a pre-trial competency hearing but may do so in the sound exercise of its discretion." ***Id***. at 45.

Here, no competency hearing was requested. ***Compare Commonwealth v. Moore***, 980 A.2d 647, 657-658 (Pa. Super. 2009) (Court found harmless error where trial court improperly denied request for competency hearing for 13-year-old witness, but appellant not prejudiced where witness had capacity to communicate, to speak truthfully, and had the mental capacity to observe the incident and recall the matter for which she was called to testify, and there was no evidence in the record that would demonstrate the witness was incompetent).

A review of the trial transcripts demonstrate that S.F. had the capacity to communicate, including the ability to understand questions and express

intelligent answers, the ability to speak truthfully, and the mental capacity to observe the incident and recall the matter, and there was no evidence that her testimony was tainted. S.F. was 13 years old at the time she testified at trial and presented as a "mature teenager who understood the gravity of the situation." TCO at 30. She testified in detail to three incidents of sexual assault that occurred approximately one year before her testimony. N.T. 7/17/19 at 66-87. S.F. was cross-examined extensively regarding the truthfulness of her statements. *Id*. at 93-94. The trial court heard S.F. answer questions regarding whether she understood the difference between the truth and a lie. N.T. 7/18/19 at 120-125.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2021